*In re* DARRIN VAUGHT, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DARRIN VAUGHT, Respondent-Appellant.)

First District (3rd Division)    No. 80-3274

Opinion filed December 30, 1981.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael Shabat, Kevin Sweeney, and Richard J. Consentino, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

The juvenile division of the circuit court of Cook County adjudged respondent, a minor, to be delinquent on the charge of attempt robbery. At a subsequent disposition hearing the court committed respondent to the Department of Corrections. On appeal respondent contends that the juvenile court lacked jurisdiction to make a finding of delinquency and to order his commitment since his father was not given notice of the proceedings. Respondent was represented by appointed counsel who, along with respondent's mother, was present at both hearings. The father's name was indicated on the petition but no mailing address was listed other than "Bremen, Ky." At no time in the juvenile court did counsel or respondent assert that the father should have been served. Nor does respondent challenge the fairness of the hearings.

A proceeding is void if the court lacks jurisdiction either of the subject matter or of the person. (*Wood v. First National Bank* (1943), 383 Ill. 515, 50 N.E.2d 830.) Jurisdiction of the subject matter "is the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches * * *." (383 Ill. 515, 522.) The circuit courts have original jurisdiction of all justiciable matters. (*In re Sexton* (1981), 84 Ill. 2d 312, 418 N.E.2d 729.) The Juvenile Court Act makes proceedings concerning the delinquency of minors justiciable in

the circuit courts. (Ill. Rev. Stat. 1979, ch. 37, par. 702—1.) Although a statute dictates the procedures to be employed in certain proceedings, the mandatory nature of the provision is not necessarily a limitation on the court's subject matter jurisdiction. (See *In re Sexton.*) The court here, of course, had jurisdiction of the subject matter.

■■ Jurisdiction of the person is the court's power to bind a particular person to its judgment and requires in part that the defendant be given sufficient notice. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652.) A defendant or unnamed party who was never served and who never appeared in the proceedings but whose rights were directly adjudicated therein may attack the judgment either directly or collaterally as void for failure to obtain jurisdiction over his person. (*Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 385 N.E.2d 897.) But failure to join such an indispensable party does not deprive the court of jurisdiction over the parties properly before it. (*In re J. W.* (1981), 87 Ill. 2d 56; *Morrison v. New Orleans Public Service Inc.* (5th Cir. 1969), 415 F.2d 419.) Hence, where a failure to join an indispensable party is brought to the attention of the reviewing court the appropriate course is to vacate the judgment and to order that the indispensable party be joined, not because the trial court lacked jurisdiction over the joined parties, but because fairness to the nonjoined party dictates such a result. Ill. Rev. Stat. 1979, ch. 110, par. 26.

■■ Whether a party is truly indispensable depends on whether the individual has a present and substantial interest, as opposed to a mere expectancy, in the matter being litigated. (*Bovinett v. Rollberg* (1979), 73 Ill. App. 3d 490, 392 N.E.2d 27.) Hence, our supreme court recently held that the "unknown" father of an illegitimate child who, of course, did not have custody of the child was not an indispensable party to delinquency proceedings where the custodial mother was present. (*In re J. W.*) The court noted that commitment of the child did not deprive the father of any substantial interest since the child was not previously in the father's custody. The court also stated that the father's speculative right to be made a party was outweighed by the countervailing consideration of the child's right to a speedy determination. The court further noted that a possible mistake to proceed in the absence of an indispensable party who may later attack the judgment does not, in any event, deprive the court of jurisdiction over the parties before it. The court finally held that the provisions of the Juvenile Court Act did not confer on the father the right to notice the absence of which would require a reversal of the judgment.

The Act provides for notice to parents, legal guardians or custodians, and when necessary, the nearest relative. (Ill. Rev. Stat. 1979, ch. 37, pars. 704—1, 704—3, 704—4.) An exception to the general notice requirement, however, is contained in section 4—4(2):

"Notice by publication is not required in any case when the person alleged to have legal custody of the minor has been served with summons personally or by certified mail, but the court may not issue any order or judgment against any person who cannot be served with process other than by publication unless notice by publication is given or unless that person appears." (Ill. Rev. Stat. 1979, ch. 37, par. 704—4(2).)

The court in *In re J. W.* concluded that notice to the mother who had actual custody triggered this exception, obviating the need for notice to the absent father.

Applying these principles, we examine the propriety of the trial court's jurisdiction over the relevant persons in the present matter. Respondent and his mother appeared in court and testified. The court had jurisdiction over their persons. (*In re J. W.*) The court never obtained jurisdiction over the father, since he was not served. We therefore must determine whether the father was an indispensable party whose status would require a vacatur of the judgment and his joinder upon remand.

■■ While it is always preferable to join all interested persons and especially parents, we believe that, under the facts of this case, the father was not indispensable to the adjudication and disposition of delinquency. The mother had actual custody of the respondent. The record discloses that, at least immediately preceding the offense, respondent was not living with the father in Kentucky, since a few days prior to the offense, respondent was placed on supervision in Cook County. The record is silent as to what interest of the absentee father would be affected by the adjudication. Moreover, unlike proceedings involving custody or neglect, a delinquency proceeding is not a direct attack on the right to custody, and is not considered a permanent deprivation of all parental rights. (*Cf. United States v. Watts* (10th Cir. 1975, 513 F.2d 5.) As *In re J. W.*, the interest of the nonresident father was outweighed by respondent's right to a speedy determination.

Nor does the Juvenile Court Act require that the absent father be joined. A custodial parent, the mother, was present at the proceedings thereby obviating the necessity of notice to the absent father. (*In re J. W.*) We do not believe, as respondent suggests, that the caveat contained in section 4—4 that the court shall not issue an order against a person unless he is served or appears as applicable here since we have stated that a delinquency disposition is not an order directly imposed against the absentee father. The order or judgment to which the caveat applies must be one directly and expressly against an individual such as an order of protection pursuant to section 5—5, the violation of which results in a finding of contempt. (Ill. Rev. Stat. 1979, ch. 37, par. 705—6.) The Act does not mandate notice to the absentee father in the present case.

■■ Respondent nevertheless maintains that this matter is governed by the holding in *In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428. There, an adjudication of delinquency was reversed not on the basis of the trial court's lack of jurisdiction, but on the basis of the denial of fairness to the minor during the proceedings as a result of untimely and inadequate notice to him and his parents. The boy's mother was given oral and cursory notice that a hearing pertaining to her son would be held the following day. Neither the parents nor the minor were informed of a right to counsel. No counsel was present, no transcript of proceedings was made, and no witnesses were heard. Hence, the minor was denied the fairness which would have attached had he and his parents been given the opportunity to prepare a defense. Unlike the minor in *Gault*, however, the present respondent was represented by counsel at all times, and he does not claim that the procedures at his hearing were in any way unfair. Respondent's hearing was fair, and reversal is not required by virtue of the failure to serve notice on the absent father.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.