[No. B025864. Second Dist., Div. Four. Mar. 14, 1988.]

In re ERIC J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent.
ERIC J., Defendant and Appellant.

**COUNSEL**

James R. McGrath, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Richard Walker and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McCLOSKY, Acting P. J.**—On December 30, 1986, the district attorney filed a petition under Welfare and Institutions Code section 602[1] in the juvenile court charging 14-year-old Eric J. with robbery in violation of Penal Code section 211.

In a hearing held on December 30, 1986, the public defender was appointed to represent the minor, and the detention hearing was continued until the next day.

On December 31, 1986, the allegations of the section 602 petition were read to Eric. He denied same. Eric and his mother were advised of their constitutional rights. The minor was ordered detained, and the matter was continued to January 16, 1987, for the adjudication hearing.

The adjudication hearing commenced on January 16, 1987, at 2 p.m. At that hearing the juvenile court stated that the minor's mother had been in court earlier in the day and had requested to be excused from the hearing because she had the flu and had severe arthritis which was aggravated by a cold or the flu. The juvenile court stated that because she was not a party or witness to the proceedings, she could be excused if it was all right with her son's attorney, Ms. Tom. The proceedings during which the mother was excused from attendance were not reported, and the juvenile court did not consult with counsel concerning excusing the mother until after the mother, Mrs. J., had left.

Ms. Tom represented to the juvenile court that when Mrs. J. asked her if she could leave, she (Ms. Tom) stated that she told Mrs. J. that it was up to the court and did not want her relieved.

Ms. Tom moved forthwith to continue the matter on the ground that she was unable to further her discussions with Eric. Specifically she stated "that the minor did not waive his mother's presence, nor did I waive it on his behalf. [¶] Further, I believe that with the mother here I could—I could proceed with the matter. I could get ready on the matter. She is not a party, witness, but I think that psychological effect of her not being here has rendered it impossible for me to prepare my case due to my client's dependence on her."

The juvenile court noted "[t]hat . . . from the description she gave the Court and my looking at her, it appeared to me she was in pain and I can't

---

[1] All statutory references herein are to the Welfare and Institutions Code unless otherwise noted.

believe that she was going to be in a posture to come back to court within the near future, unless there is some changes in a major way." The juvenile court further noted that Ms. Tom could not guarantee Mrs. J.'s return to court by January 23, 1987, the last day upon which the adjudication hearing could be commenced pursuant to section 657, subdivision (a)(1). The juvenile court concluded, therefore, that good cause for a continuance had not been shown and denied the request for a continuance.

After hearing the evidence introduced at the contested adjudication hearing, the juvenile court was not convinced beyond a reasonable doubt that the taking (of an old bicycle) had been accomplished by means of force or fear and that therefore a robbery had occurred. The juvenile court, however, found the necessarily included offense of theft from the person, a violation of Penal Code section 487, subdivision 2, to be true and sustained the petition. The matter was continued to February 2, 1987, for disposition. On that date the matter was continued to February 9, 1987.

At the dispositional hearing held on February 9, 1987, custody of Eric was taken from his mother, and he was adjudged a ward of the court under section 602. His offense was declared a felony, and he was placed in the Camp Community Placement Program.

Eric now appeals from the January 16, 1987, adjudication order sustaining the section 602 petition.

While an adjudication order sustaining a section 602 petition is not independently appealable, the propriety of that order is subject to review on appeal from the dispositional order. (*In re Melvin S.* (1976) 59 Cal.App.3d 898, 900-901 [130 Cal.Rptr. 844]; §§ 725 and 800; Cal. Rules of Court, rule 1372(a).[2]) We, therefore, construe Eric's notice of appeal to be taken from the dispositional order entered by the juvenile court on February 9, 1987.

The following questions are presented for resolution in this case: 1. Did Eric have the right to have his mother present during his adjudication hearing?

2. Did the juvenile court commit reversible error when it denied Eric's motion for a continuance?

3. Is the juvenile court's finding that Eric committed grand theft supported by the evidence?

---

[2] All references to rules are to the California Rules of Court.

## DISCUSSION

In reliance on *In re Bryon S.* (1986) 176 Cal.App.3d 822 [223 Cal.Rptr. 319], Eric contends that he had the right to have his mother present at his adjudication hearing and that she could not be excused unless he waived her presence.

In *Bryon S.,* the minor's deaf father objected on numerous occasions to the proceedings on the ground that he could not understand the court-appointed deaf interpreter. (176 Cal.App.3d at p. 825.)

On appeal the minor contended that the trial court erred in denying his father's request for a substitute interpreter. Respondent argued that, because the minor's father had the right to appeal from any order in which the minor is removed from the physical custody of the parent or guardian (see rule 1396), the minor had no standing to complain about any deprivation of rights asserted by his father. (176 Cal.App.3d at p. 825.)

The standing issue became moot, however, when the appellate court permitted the minor's father to file a belated appeal. Nevertheless, the court noted that "the minor is not here asserting his father's right to an interpreter that he, the father, could understand but rather his, the minor's, right to the full participation and assistance of his father in the juvenile court proceedings. If his father, for lack of an interpreter, could not understand and thus assist his son, then it is the minor who is aggrieved and, in our view, has standing to raise the issue on appeal." (176 Cal.App.3d at p. 826.) No authority for this statement was cited.

The *Bryon S.* court also rejected as meritless respondent's argument that the presence of a parent or guardian at the adjudication hearing, as opposed to the dispositional hearing where physical custody of the minor may be taken, is not a prerequisite to the validity of the adjudication hearing, despite parental desires, stating, again with no citation of authority, "[T]he minor is entitled to the full participation and assistance of his father at the adjudication hearing as well as at the disposition hearing." (176 Cal.App.3d at pp. 828-829.)

The minor's father did not quarrel with the fact that his interpreter was certified, he just maintained that he could not understand her. He admitted, however, that the trial court would not have been able to find an interpreter he could understand. The *Bryon S.* court held that under the circumstances the court did everything it could have done to assist the minor's father understand and take an active part in the adjudication proceedings. The juvenile court further held that neither Bryon nor his father was prejudiced

because the minor's mother was present throughout the proceedings, neither parent was a percipient witness to the crime, everyone was represented by counsel, and Bryon had no difficulty communicating with his father. (176 Cal.App.3d at p. 829-830.)

The present case is distinguishable from *Bryon S.* in that Eric's mother voluntarily absented herself from her son's adjudication hearing because she was ill. Moreover, there is no indication in the record as to whether at the time she asked to be excused she requested that her son's adjudication hearing be continued so that she could be present. We note that while the minute order of December 31, 1986, indicates that Eric and Mrs. J. were advised of their constitutional rights, there is no specific indication as to whether or not Mrs. J. was advised of her right to be present at the adjudication or dispositional hearing.

In this case, Mrs. J. did not, pursuant to rule 1396, appeal from the dispositional order which removed Eric from her custody. Accordingly, we are not here concerned with any error concerning her own rights about which Mrs. J. could have personally complained. We are here concerned only with the rights of the minor.

Under sections 656, 658 and 679 and rule 1311, a minor who is the subject of a juvenile court proceeding, and his or her parents or guardians are entitled to notice of the hearing, to be present at the hearing, and to be represented by counsel. None of these provisions expressly gives the minor an absolute right to have his or her parents present at the adjudication hearing.

Respondent argues "that a parent is entitled to notice and to be present at a hearing such as an adjudication hearing, but the minor does not have the right to have the parent present. A parent may waive presence and there's no requirement that the minor waive the parent's presence. If the latter was a requirement, it would lead to absurd results. If a parent did not want to attend, was too ill to attend, or because of some other reason, such as work, could not attend, or could not be found, if appellant's contention was accepted that the minor must waive the parent's presence, an adjudication could not be held if he refused to so waive."

In this case we find it unnecessary to decide the question of whether any minor, regardless of his or her age, maturity, mental or emotional state or state of dependency upon his or her parent, has the absolute right to the presence and assistance of his or her parent at the adjudication hearing, nor need we pass on the propriety of the *Bryon S.* decision.

█ We do hold, however, that when a particular minor's dependence on or need for his or her parent renders preparation of a defense impossible without that parent's assistance and when that parent is willing and able to assist the minor, such a minor does have the right to a reasonable continuance to make reasonable efforts to secure the presence of his or her parent at the adjudication hearing. This right, however, stems not from the parent's right to be present, but rather from the minor's own due process right to a fair and just hearing.

In the matter before us at the first opportunity available to her, Eric's counsel Ms. Tom represented to the court that Eric was dependent on his mother and that the psychological effect on Eric of his mother's absence made it impossible for counsel to prepare and proceed with the adjudication hearing, since, due to his dependence on his mother he would not cooperate with counsel. She, therefore, requested a continuance of the adjudication hearing on January 16, 1987. She did not ask that the hearing be continued beyond the statutory time limit within which the adjudication hearing had to be commenced.

The juvenile court denied the minor's request for a continuance concluding that no good cause for a continuance had been demonstrated. The juvenile court was cognizant of Eric's lack of cooperation and did not deny his request for a continuance because it did not believe counsel's assertion that she was unable to prepare Eric's case in the absence of his mother on whom he was psychologically dependent. Rather, the trial court, after observing the mother's evident pain, refused to grant a continuance solely because the minor's counsel could not guarantee that she would be present in court by January 23, 1987, the last day on which the parties agree that the adjudication hearing could be statutorily commenced. (See § 657, subd. (a).)

The juvenile court's reasoning was clearly in error since it was not the responsibility of counsel for the minor to secure the mother's presence at the adjudication hearing.

At the time the juvenile court denied the minor's request for a continuance of his adjudication hearing, one week remained within which the hearing had to be started. Not having ordered Mrs. J. to return to court on or before January 23, 1987, the juvenile court pursuant to section 661 could have issued a citation mandating her appearance on or before that date. Section 662 authorized the juvenile court to issue a warrant of arrest if Mrs. J. was well enough to appear and failed to obey the citation.

At the conclusion of the adjudication hearing, the juvenile court continued the matter to February 2, 1987, for disposition. The probation department was ordered to cite Mrs. J. for appearance on that date.

On February 2, 1987, just 10 judicial days after the adjudication hearing, Mrs. J., pursuant to the citation issued by the probation department, appeared at her son's disposition hearing which was continued. She also appeared on February 9, 1987.

Rule 1352(d) states: "The court shall continue the jurisdiction hearing as necessary to provide reasonable opportunity for the minor and the parent, guardian or adult relative to prepare for the hearing."

Rule 1352(d) relates to a continuance granted at the beginning of the jurisdiction hearing and is based on the last sentence of section 700 (see Advisory Com. com. to rule 1352) which states: "The court shall continue the hearing for not to exceed seven days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself with the case, or to determine whether the parent or guardian or adult relative is unable to afford counsel at his own expense, and shall continue the hearing as necessary to provide reasonable opportunity for the minor and the parent or guardian or adult relative to prepare for the hearing."

Respondent correctly points out that rule 1352(d) refers to the beginning of the process described in section 700 when the petition is read and counsel is appointed. Respondent intimates, however, that because this took place at the detention hearing on December 31, 1986, the juvenile court had no discretion to grant a continuance on January 16, 1987. Instead respondent contends that a continuance was permissible under rule 1352(a) only if good cause was demonstrated.

Rule 1352(a) provides: "Upon request of counsel for the minor, or upon request of the minor if not represented by counsel after an intelligent waiver, the court may, for good cause shown, continue the jurisdiction hearing beyond the time limit within which the hearing is otherwise required to be commenced." It is clear that rule 1352(a) has no applicability in this case since Eric did not request that his adjudication hearing be continued to a date beyond January 23, 1987.

In the present case, the need for a continuance did not arise at the time of the detention hearing. It arose only on the date set for the adjudication hearing and before any testimony was given.

If we were to accept respondent's argument regarding the applicability of rule 1352(d), the continuance of the adjudication hearing during the statutory period for commencement thereof would not be allowed in this case because the need for the continuance did not arise on December 31, 1986. This is a meritless contention.

We conclude that under the facts of this case and under the provisions of section 1352(d) the juvenile court abused its discretion in refusing to continue the matter to enable the minor, his mother and his attorney to adequately prepare for, cooperate in and proceed with the hearing since there was good cause for the requested continuance. Reversal is required. (Accord *In re C.P.* (1985) 165 Cal.App.3d 270 [211 Cal.Rptr. 498].)

The minor in this case was represented by counsel at all stages of the wardship proceedings but representation must be meaningful. His counsel pointed out to the juvenile court in a timely fashion that her representation of the minor was rendered meaningless by the inability of the minor to cooperate with counsel in the adjudication hearing due to the excused health-caused absence of his mother. That, of course, will not be true in every case but must be determined on a case by case basis.

In light of our resolution of the foregoing issues, we need not, and do not, reach the issue of whether the juvenile court's finding that Eric committed the crime of theft from the person is supported by the evidence.

The adjudication and dispositional orders are reversed. This matter is remanded to the juvenile court for further proceedings in accordance with the views expressed herein.

George, J., and Rothman, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.