**In the Interest of A.H., A Minor Child, J.H., Father, Appellant.**

No. 95–1829.

Supreme Court of Iowa.

June 19, 1996.

Andrew Dopheide, Legal Services Corp. of Iowa, Dubuque, for appellant.

Thomas J. Miller, Attorney General, Charles K. Phillips, Assistant Attorney General, and Lyle R. Galliart, Assistant County Attorney, for appellee State.

Roger J. Kurt, Dubuque, guardian ad litem for minor child.

Denis D. Faber Jr. of Denis D. Faber Jr., P.C., Dubuque, for minor child.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal addresses the limits of a father's right to participate through counsel in juvenile delinquency proceedings involving his child. Because we conclude that neither statutory nor constitutional law compels a court to permit a parent to be heard in such matters, we affirm the juvenile court's decision to limit the father's participation in this case.

The fifteen-year-old child, A.H., was adjudicated delinquent pursuant to a negotiated agreement in which he admitted committing the crimes of theft in the fourth degree, criminal mischief in the fourth degree, and carrying a dangerous weapon. The juvenile court's adjudication order noted that the child's parent, appellant J.H., had participated in the negotiation process. The court's disposition order placed A.H. on formal probation, continued his custody with his parents, and required that he make restitution and obtain counseling.

It appears from the record that the "in-home supervision" contemplated by the court did not go well. Within two months, the disposition order was modified—upon request of all concerned, including the parents—to require A.H.'s placement in residential treatment. This modified placement succeeded for some months. Eventually, however, A.H. resumed what the court described as his "runaway, impulsive, and manipulative" behaviors. Following a detention hearing, he was placed in a more structured setting known as the Four Oaks Foster Group Care/Day Evening Treatment Program in Cedar Rapids.

Within a month, A.H. and his counsel concurred in the State's recommendation that A.H. take part in the Four Oaks STOP program. This placement, described by the court at a subsequent review hearing as a "more confrontational and consequential rehabilitation program," was strongly resisted by A.H.'s parents.

At a disposition review hearing held in September 1995, counsel privately retained by appellant-father J.H. sought to contest the propriety of A.H.'s continued placement at Four Oaks. He also sought to offer proof of more appropriate alternatives. The court denied counsel the right to independently tender such evidence, ruling as follows:

Iowa Code section 232.11, right to assistance of counsel, refers only to the *child's* right to counsel in delinquency matters. Although the Court finds that the parents certainly have a right to be heard regarding their position, the Court does not find that this right extends to the presentation of evidence beyond that presented on behalf of the juvenile by court-appointed counsel.

(Emphasis added.) The record reveals that A.H.'s counsel did not call J.H. as a witness. The placement was continued and this appeal by J.H. followed.

The only question is whether the court erred when it disallowed J.H.'s participation through counsel at A.H.'s disposition hearing. This appears to be an issue of first impression, not only in Iowa but elsewhere. J.H. claims on appeal that the court's ruling (1) lacked statutory authority, (2) violated his constitutional right to due process of law, and (3) denied him equal protection of the laws. We shall consider the arguments in turn.

Our review is de novo. *In re E.P.*, 478 N.W.2d 402, 403 (Iowa 1991).

I. *Statutory Authority.*

Prior to 1978, parents in both Child in Need of Assistance (CINA) cases *and* delinquency proceedings were entitled to representation by counsel, paid by the state when necessary:

> The child, parents, guardian, or custodian shall have the right to legal counsel. If the minor, parents, guardian, or custodian desire but are unable to employ counsel, such counsel shall be appointed by the court.

Iowa Code § 232.28 (1977), *repealed by* Juvenile Justice Act, 1978 Iowa Acts 487, ch. 1088, § 99. In 1978, the juvenile justice laws were reorganized so the delinquency, CINA, parental termination, and FINA (Family in Need of Assistance) proceedings were separated into different subparts. This new statutory scheme specifically authorized a right to counsel for parents in CINA, termination, and FINA proceedings. *See* Iowa Code §§ 232.89, .113, .126 (1979) (same sections in 1995 Code). No similar right, however, can be found in the subpart pertaining to delinquency proceedings. In that division, the only statutory right to counsel mentioned belongs to the child:

> If the child is represented by counsel and the court determines that there is a conflict of interest between the child and the child's parent, guardian or custodian and that the retained counsel could not properly represent the child as a result of the conflict, the court shall appoint other counsel to represent the child and order the parent, guardian or custodian to pay for such counsel as provided in subsection five.

Iowa Code § 232.11(4); *see generally In re L.A.J.*, 495 N.W.2d 128, 130–31 (Iowa App. 1992) (recounting legislative history and holding *indigent* parents of minor child have no statutory right to *court-appointed* counsel in delinquency proceedings).

▪ Despite this legislative history, J.H. contends that a parent's right to participate through counsel in delinquency proceedings may be inferred from three other Code provisions: section 232.37(2), providing parents with notice of delinquency proceedings; section 232.37(1), authorizing service of summons upon custodial parents; and section 232.37(3), granting subpoena power to parents and others. J.H. argues it would be illogical and unreasonable to believe the legislature intended to grant parents these powers while limiting their right to further their interests through counsel. We disagree.

The summons provision of section 232.37(1) is aimed at getting the juvenile to court. The provision recognizes the fact that juveniles, unlike adults, are presumed to be in the custody of their parents or other guardians at the inception of the delinquency action. To ensure the juvenile's presence in court, the parent or guardian must be summoned. Similarly, the subpoena power given by section 232.37(3) recognizes the inability of a child to independently procure the attendance of witnesses. The statute authorizes parents and others to request issuance of subpoenas "[u]pon request of the child...." Iowa Code § 232.37(3).

Finally, we do not believe the notice requirement of section 232.37(2) may be rea-

sonably interpreted to establish in the parent an independent right to litigate issues before the court. As other courts have noted, parental notification statutes serve the purpose of

> "furnish[ing] a safeguard to minors accused of crimes by requiring that the opportunity be made available for consultation and advice with the individuals, who, society must assume, are those most vitally concerned with the minor's best interests." The basic right protected by such safeguards is that of the child to be made aware of the charges against him and to be assured of a reasonable opportunity to prepare his defense.

*United States v. Watts,* 513 F.2d 5, 8 (10th Cir.1975) (quoting *Holloway v. Wainwright,* 451 F.2d 149, 151 (5th Cir.1971) (citation omitted)). Had the legislature intended to give the parent a larger or more independent role in the proceedings, it surely would have said so more explicitly. Analogous authority from other jurisdictions, though limited, seems to support this conclusion. *See In re Vaught,* 431 N.E.2d 1231, 1234 (Ill.App.1981) ("father was not indispensable to the adjudication and disposition of delinquency"); *In re Appeal No. 769,* 25 Md.App. 565, 335 A.2d 204, 208 (1975) ("parent is not a party at the delinquency hearing of the child, and ... such a hearing was clearly not the forum wherein they were to defend themselves against liability for restitution or reimbursement").

The State argues persuasively that this distinction drawn by the legislature between delinquency and other juvenile proceedings fosters a fairer balance of power between the State and the juvenile where, as here, the juvenile's liberty is at stake. Parents customarily exercise control over a child, creating the potential for disagreement between them when a delinquent act is charged. The nature of the relationship could also pose a threat to the child's fundamental rights against self-incrimination and unreasonable searches. A parent with the right to produce evidence and cross-examine witnesses could become the child's additional, potentially formidable, opponent.

J.H. responds that no such parent-child conflicts appear in this record. Furthermore, his desire to proceed through counsel comes at the dispositional rather than the adjudicatory stage, thus preventing the opportunity to tender evidence on questions of guilt or innocence. While we readily acknowledge J.H.'s good intentions, we are unable to overlook the fact that the statute upon which he relies, section 238.37, makes no distinction between adjudication and disposition in the rights it outlines. We are unwilling to read into section 238.27 the parental right to proceed by counsel that J.H. suggests, confident the legislature deliberately omitted it in keeping with the overriding best interests of the juvenile.

## II. *Due Process.*

■ J.H. also attacks the juvenile court's decision on due process grounds. The challenge requires us to consider whether due process applies and, if so, what process is due. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972); *State v. Knous,* 313 N.W.2d 510, 511 (Iowa 1981).

J.H. stands on firm ground when he asserts that the relationship between parent and child is constitutionally protected. *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511, 519 (1978); *Alsager v. District Ct.,* 406 F.Supp. 10, 16 (S.D.Iowa 1975), *aff'd in part,* 545 F.2d 1137 (8th Cir. 1976); *In re A.M.H.,* 516 N.W.2d 867, 870 (Iowa 1994). Moreover, we have recognized that this right is "best protected by the Due Process Clause." *A.M.H.,* 516 N.W.2d at 870. All of the authority advanced by J.H. to support this unquestioned premise, however, arise in the context of dependency, neglect or termination proceedings. The crucial question is what process a parent is due when the central issue before the court is not custody but the alleged delinquency of the minor.

Clearly the parent's independent interest in delinquency matters is much more attenuated than when custody or termination is at issue. In delinquency proceedings,

> there is no direct attack upon the parents' right to custody. Rather, any effect upon custody is purely incidental to the main

function of the proceedings, i.e., to determine delinquency. Secondly, any deprivation suffered by parents following a delinquency proceeding will not necessarily be in the nature of a permanent deprivation of all parental rights....

*Watts*, 513 F.2d at 7 n. 2; *see also Vaught*, 431 N.E.2d at 1234.

We believe the limited rights that chapter 232 delinquency proceedings afford a parent adequately protect the parent's interests in such matters—to be notified when a child has been charged with a criminal offense and to be present with the child at all crucial stages of the proceeding in order to lend support and advice. *See* Iowa Code § 232.37. *But see* Iowa Code § 232.38(2) (court may excuse presence of parent when deemed in best interest of child). As plainly stated by the juvenile court here, the focus of the proceedings is on the child, not the parent. By statute, it is the child who is entitled to be represented by counsel. *See* Iowa Code § 232.11(1). To the extent J.H.'s due process claim is in fact an attack on the statute, we find it insufficient to overcome the presumption of constitutionality to which the legislation is entitled. *See Reynolds v. Iowa Dep't of Human Serv.*, 493 N.W.2d 813, 815 (Iowa 1992).

### III. *Equal Protection.*

■ Finally, we address J.H.'s contention that the court's refusal to permit him to be heard through counsel denied him equal protection of the law. His argument rests on Iowa Code section 232.38(2). That section provides:

> In any [hearing under the juvenile delinquency division of the Code] the court may temporarily excuse the presence of the parent, guardian or custodian when the court deems it in the best interests of the child. Counsel for the parent, guardian or custodian shall have the right to participate in a hearing or proceeding during the absence of the parent, guardian or custodian.

Iowa Code § 232.38(2). J.H. claims the statute unlawfully permits disparate treatment of similarly situated persons, *see Cook v. State*, 476 N.W.2d 617, 623 (Iowa 1991), because it affords greater rights to parents who are absent than to those who are present in court.

We find no merit in this contention. The argument necessarily assumes that counsel for an absent parent would enjoy greater participation under section 232.38(2) than would a parent, in person, under section 232.38(1) (guaranteeing the parent's presence at all proceedings unless excused by the court). In either case the right to "participate," as already discussed, is limited to the right to appear and confer with the child. In neither situation would the participatory rights of the parent, by counsel or individually, extend to the presentation of evidence and right of cross-examination sought here by J.H. No valid claim of equal protection violation has been shown.

We conclude by observing that courts should, and do, customarily solicit and welcome the input of a parent in decisions affecting a child. But because of the necessarily confrontational nature of delinquency proceedings, and the balance that must be struck between protection of the community and preservation of a juvenile's liberty interests, any strategic decision to involve parents in the litigation must rest with the child and his or her counsel. Iowa Code chapter 232 recognizes the importance of the parent's role, and its limitations. We believe the juvenile court correctly interpreted that mandate here.

**AFFIRMED.**