214 P.3d 1072 (2009)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of J.P.L., Juvenile-Appellant, and
Concerning H.L. and K.G.L, Appellants.
No. 08CA1609.
Colorado Court of Appeals, Div. I.
June 25, 2009.
*1074 John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee.
J.P.L., Pro Se.
H.L. and K.G.L., Pro Se.
Opinion by Judge ROY.
J.P.L. (the juvenile) appeals an order denying his postconviction motion for a new trial based on new evidence of prosecutorial misconduct discovered after trial. The juvenile's parents also appeal, arguing that the trial court denied them due process of law by refusing to allow them to participate as actual parties in interest in the juvenile delinquency proceedings. We affirm.
In December 1999, the juvenile made statements to fellow students that he was going to come to school with a gun, kill everyone, and target specific students. After several students reported his threats to school officials, he made retaliatory threats against them.
The juvenile was charged with two counts: (1) interference with staff, faculty, or students of an educational institution and (2) harassmentstrike, shove, kick, or otherwise touch, both class three misdemeanors. Before trial, the prosecutor dismissed the harassment count. The juvenile's parents were joined in the action pursuant to section 19-2-514(3)(a), (b), C.R.S.2008.
The juvenile was adjudicated delinquent, for interference with staff, faculty, or students of an educational institution, a class three misdemeanor, § 18-9-109(2), C.R.S. 2008, and sentenced to one year probation and anger management classes. The juvenile then filed a petition for rehearing and a notice of intent to supplement the petition. When he failed to supplement the record, the trial court struck the request to supplement, affirmed the magistrate's adjudication of delinquency, and denied the motion for reconsideration. A division of this court affirmed. People in Interest of J.P.L., 49 P.3d 1209 (Colo.App.2002).
In August 2002, the juvenile and the parents filed another petition for reconsideration, alleging new evidence of prosecutorial misconduct in the form of a purportedly forged affidavit and ineffective assistance of trial counsel, which the magistrate denied as untimely as to both claims. On review, the trial court affirmed on the basis that the petition was untimely and failed to allege newly discovered evidence; however, it only reformulated prior arguments. On appeal, a division of this court reversed the order to the extent it concluded the petition was untimely as to the juvenile's claims of ineffective assistance of trial counsel and remanded for further proceedings on that claim; it affirmed the trial court's conclusion that an allegedly forged affidavit was not newly discovered evidence necessitating a new trial. People in Interest of J.P.L., 2004 WL 351737 (Colo.App. No. 03CA0942, Feb. 26, 2004) (not published pursuant to C.A.R. 35(f)).
On remand, and prior to the hearing on the ineffective assistance of trial counsel claim, the magistrate ruled the parents could not represent the juvenile because they were neither licensed attorneys nor parties to the proceeding. The parents sought review of that decision to the trial court, which affirmed. They then brought an original proceeding in our supreme court pursuant to C.A.R. 21. Our supreme court declined to hear the matter.
The parents asked the trial court to explain the consequences of successfully prosecuting the pending motion for a new trial premised on ineffective assistance of trial counsel. The prosecutor responded that the juvenile would face the original charges, including the harassment charge that was dismissed prior to trial, but erroneously also stated the juvenile could face up to six months in jail because he had turned eighteen. The prosecutor later corrected the error, noting the juvenile could not be subject to punishment in excess of that originally imposed. The prosecutor also indicated additional charges would not be filed and the juvenile would not be tried as an adult. In August 2004, alleging duress, the parents and the juvenile withdrew from the hearing on ineffective assistance of counsel.
After a hearing, the magistrate denied the juvenile's motion for a new trial based on newly discovered evidence, this time regarding *1075 prosecutorial misconduct in the form of threats, because the juvenile had filed no supporting affidavits as required by Crim. P. 33(c) and the evidence failed to establish the four factors necessary to demonstrate the necessity of a new trial under People v. Scheidt, 187 Colo. 20, 22, 528 P.2d 232, 233 (1974), and People v. Gutierrez, 622 P.2d 547, 559-60 (Colo.1981). The trial court denied the juvenile's petition for review, and this appeal ensued.

I.
We first address the parents' contention that the trial court denied them due process of law by not allowing them to participate as actual parties in the hearing for a new trial due to ineffective assistance of counsel and newly discovered evidence of prosecutorial misconduct. We are not persuaded.

A.
As an initial matter, the state, based on the unsuccessful C.A.R. 21 petition in our supreme court, argues that we should not address the argument because it is successive. A successive argument addresses an issue that was fully and finally litigated on a preceding appeal. Successive arguments generally will not be addressed. People v. Rodriguez, 914 P.2d 230, 249 (Colo.1996). A matter is "fully and finally litigated" when the highest court of the state to which a defendant can appeal as of right has ruled on the merits of the question. Id. An order of the supreme court declining to exercise its original jurisdiction under C.A.R. 21 is not a review on the merits of the claims presented. Bell v. Simpson, 918 P.2d 1123, 1125 n. 3 (Colo.1996); People v. Daley, 97 P.3d 295, 297 (Colo.App.2004).
Here, our supreme court declined to exercise its original jurisdiction under C.A.R. 21; therefore, the parents' claims were not "fully and finally litigated" in that proceeding. Thus, the issue is not successive, and our review is appropriate.

B.
Section 19-2-514(3)(a), (b), C.R.S.2008, provides, in pertinent part:
(3)(a) The court may, when the court determines that it is in the best interests of the juvenile, join the juvenile's parent ... as a respondent to the action and shall issue a summons requiring the parent ... to appear with the juvenile at all proceedings under this article involving the juvenile....
(b) The general assembly hereby declares that every parent or guardian whose juvenile is the subject of a juvenile proceeding under this article shall attend any such proceeding.
The magistrate ruled at trial that the parents "[were] named parties to this action and [could not] be excluded." In post-trial proceedings, the magistrate ruled the parents would not be allowed to question witnesses, present exhibits, or otherwise act in the role of an attorney, as neither was a licensed attorney, although they would be allowed to discuss the hearing with the juvenile. The trial court affirmed the magistrate's ruling, stating the parents did not meet the definition of a party to an action, and it specifically noted that the pending proceeding, an ineffective assistance of trial counsel hearing, did not involve charges against the parents and thus they were not defending anything. Therefore, it concluded only the juvenile could seek review by the trial court.
The parents do not contend they did not receive notice or were not permitted to attend any hearing; rather, they contend their due process rights were violated because they were required to attend parenting classes and additionally perform certain probation requirements as part of the juvenile's probation.
Due process requires that parties whose interests are at stake be before the court. Hidden Lake Dev. Co. v. Dist. Court, 183 Colo. 168, 173, 515 P.2d 632, 635 (1973). Whether a person is a proper party is determined in light of the relevant facts and circumstances. Developmental Pathways v. Ritter, 178 P.3d 524, 530 (Colo.2008).
If parents joined in a delinquency proceeding fail to comply with any requirements *1076 imposed on them, the court may hold them in contempt. Id. For example, in order for a court to impose costs on a parent for placement of a juvenile in out-of-home care, the parent must be joined in the delinquency proceeding. People in Interest of M.L.M., 104 P.3d 324, 326 (Colo.App.2004); see § 19-2-114, C.R.S.2008. Similarly, a division of this court has held that where a juvenile's father was named as a party both in the delinquency petition and in the notice of appeal, and, more importantly, his rights were directly affected by a suspended jail sentence imposed upon him, he was a party to the action with the ability to fully participate as to that issue. People v. J.M., 22 P.3d 545, 547 (Colo.App.2000).
While Colorado courts have held that a parent upon whom a sanction has been imposed is a proper party, they have not addressed whether parents named as parties in a juvenile delinquency proceeding have a due process right to participate actively in their own right in the juvenile's adjudicative proceedings.
However, the Iowa Supreme Court, in In Interest of A.H., 549 N.W.2d 824, 827-28 (Iowa 1996), addressed the issue applying statutes substantially similar to those in Colorado. There, the juvenile's parent contended a parent had both statutory and constitutional rights to participate.
As to the statutory argument, the juvenile's parent argued that Iowa statutes providing parents with notice of delinquency proceedings, authorizing service of summons upon custodial parents, and granting subpoena power to parents meant the legislature had intended parents to participate fully. Id. at 826; see Iowa Code § 232.37 (1979). The court disagreed, noting that juveniles are presumed to be in the custody of their parents, which means that to ensure the juvenile's presence in court, the parents must receive a summons. A.H., 549 N.W.2d at 826. Similarly, because a child generally is recognized as unable to independently procure witnesses' attendance, the parents are authorized to issue subpoenas upon the juvenile's request. Id. Finally, it held that parental notification statutes safeguard minors accused of crimes by requiring that the opportunity be made available for consultation and advice with those most vitally concerned with the juvenile's best interests, but the statutes do not establish an independent right of parents to litigate the issues before the court. Id. at 827 (citing United States v. Watts, 513 F.2d 5, 8 (10th Cir.1975), which applied 18 U.S.C. §§ 5031-5037). The court concluded that the legislature, had it intended to give the parent a larger or more independent role in the proceedings, "surely would have said so more explicitly." Id.; see also In Interest of Vaught, 103 Ill.App.3d 802, 59 Ill.Dec. 474, 431 N.E.2d 1231, 1234 (1981) (parent not indispensable party to delinquency adjudication); In re Appeal No. 769, 25 Md.App. 565, 335 A.2d 204, 208 (1975) ("a parent is not a party at the delinquency hearing of the child").
The Iowa court further stated that, should a parent have an independent right to participate in the proceedings where only the juvenile's liberty, and not the parent's custodial right, is at stake, the parents would be able to assert a position adverse to the juvenile's, which could threaten the juvenile's fundamental rights against self-incrimination and unreasonable searches, as well as allow the parent to produce evidence and cross-examine witnesses as an additional opponent to the juvenile's defense. A.H., 549 N.W.2d at 827. The availability of such adversity automatically would imperil the best interests of the child. Id.
As to the constitutional argument, the Iowa Supreme Court held that denying parents the right to participate in their child's delinquency proceedings does not violate the parents' right to due process of law. The court observed that the main function of delinquency proceedings is to determine delinquency not to remove the child from the parents' custodyand held that the parents' rights are limited to notice and being present with the child at all crucial stages of the proceedings to lend support and advice. Id. at 828. It also noted that, by statute referring to Iowa Code § 232.38(2) (1979) the juvenile court was permitted to excuse the parents' presence when in the child's best interests. See A.H., 549 N.W.2d at 827-28. Quoting Watts, 513 F.2d at 7 n. 25, the Iowa *1077 court stated that delinquency proceedings involve "no direct attack upon the parents' right to custody. Rather, any effect upon custody is purely incidental to the main function of the proceedings, i.e., to determine delinquency." A.H., 549 N.W.2d at 827-28.
A review of authority from other jurisdictions also suggests that parents have few due process rights in their child's adjudicative delinquency proceedings beyond notice of the charges when custody is not at issue. See, e.g., In re Gault, 387 U.S. 1, 33-34, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (discussing parents' right to notice when custody is at issue); United States v. Sawaya, 486 F.2d 890, 893 (1st Cir.1973); Kemplen v. Maryland, 428 F.2d 169, 175 (4th Cir.1970); In re J.P.J., 109 Ill.2d 129, 92 Ill.Dec. 802, 485 N.E.2d 848, 850 (1985); Crandell v. State, 539 P.2d 398, 401 (Okla.Crim.App.1975); see also In re Eric J., 199 Cal.App.3d 624, 244 Cal.Rptr. 861, 865 (1988) (right of parents to be present at a juvenile's hearing does not originate in the parents' due process rights; rather, if preparation of a juvenile's defense is impossible without parents' assistance, the minor has a due process right to have the parents present to ensure a fair and just hearing); State v. Kirk N., 214 W.Va. 730, 591 S.E.2d 288, 295 (2003) (legislature did not intend parents to have carte blanche to participate as full and independent parties in the proceedings just because they are required to be named as respondents in delinquency proceedings; rather, the parents' involvement is to protect the juvenile from governmental coercion or pressure and to add guidance as people more capable of understanding the nature and consequences of the action). We have found no contrary authority.
We are persuaded by the analysis of the Iowa Supreme Court. Therefore, we conclude that parents named as parties in a juvenile delinquency proceeding do not have a due process right to participate in the adjudicative proceedings. Accordingly, the parents' due process rights were not implicated here.

II.
The juvenile contends the trial court erred in denying a new trial based on new evidence of prosecutorial misconduct discovered after trial. Specifically, the juvenile argues that the prosecution threatened him and his parents, apparently by mistakenly indicating the possible penalties upon retrial and by withholding evidence of statements made by endorsed witnesses not called at trial. We are not persuaded.
Motions for a new trial based on newly discovered evidence are looked on with great disfavor, and we will not overturn denials of such motions absent clear abuse of discretion. Rodriguez, 914 P.2d at 293; Gutierrez, 622 P.2d at 559.
Under Crim. P. 33(c), the trial court may grant a new trial if required in the interests of justice. The motion must be in writing and point out with particularity the defects and errors complained of, and a motion for a new trial based on newly discovered evidence "shall be supported by affidavits." Crim. P. 33(c). The phrase containing "shall" is a mandatory provision impervious to judicial discretion, which makes it impossible to carve out an exception. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998); People v. Guenther, 740 P.2d 971, 975 (Colo.1987).
We conclude the magistrate did not abuse his discretion in denying the juvenile's motion for a new trial. The juvenile failed to file supporting affidavits with his motion, and the magistrate denied his motion based on this deficiency. Moreover, because the juvenile's motion is not contained in the record on appeal, we must conclude the omitted portion of the record supports the magistrate's judgment. People v. Wells, 776 P.2d 386, 390 (Colo.1989). Here, that means we must presume the juvenile's motion was not, or could not have been, supported by affidavits, and, consequently, the magistrate was correct in denying the juvenile's motion for failing to comply with the mandatory requirements of Crim. P. 33.
The order is affirmed.
Judge TAUBMAN and Judge GABRIEL concur.