23CA0888 Peo v Thames 06-05-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0888
Larimer County District Court No. 95CR885
Honorable Susan Blanco, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Douglas Thames JR,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Gomez and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Law Office of Mark Burton, P.C., K. Mark Burton, Denver, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Douglas Thames, Jr., appeals the district court's order denying his Crim. P. 33 motion for a new trial. We affirm.

## I.    Background

¶ 2    The relevant facts giving rise to this case are set forth in the opinion resolving Thames' Crim. P. 35(c) motions, *People v. Thames*, (Colo. App. No. 07CA1378, Sept. 24, 2009) (not published pursuant to C.A.R. 35(f)) (*Thames I*).

> On August 19, 1989, the home of the victim, S.D., was burglarized and, among other things, twenty-five pairs of her underwear were stolen. Also taken from the victim's home was a distinctive athletic bag, emblazoned with the words "March of Dimes Walk-a-thon." The burglar left behind several pairs of underwear that were stretched out of shape, as well as a towel that was stained with what appeared to be semen.
>
> Approximately ten days later, the home was again burglarized, and the victim was sexually assaulted and strangled with a telephone answering machine cord. During the inspection of the crime scene, police collected various biological materials, including hair and semen, as well as fingerprint evidence. Among the evidence collected was a plaque with fingerprints on it.
>
> While investigating S.D.'s murder, biological specimens were taken from over one hundred suspects and tested against the specimens taken from the crime scene. None of these

1

suspects' DNA matched the DNA found at the scene.

The case remained unsolved until 1995. At that time, a furnace repairman discovered a number of pairs of semen-stained women's underwear stuffed into a duct in a home where he was performing a furnace inspection. The repairman called the police, who determined that defendant and his family had lived in the home in August 1989, at the time of S.D.'s murder. Police obtained a court order requiring that defendant, his brother, and a friend who had lived with the family in the home in August 1989 provide samples of blood, saliva, hair, and fingerprints. Tests of the specimens obtained from the three men revealed that defendant's blood type and DNA matched that of the evidence recovered from the scene, while those of the other two men did not. Defendant's fingerprints also matched those found at the crime scene.

Defendant was charged with and convicted of first degree murder.

*Id.* at 1-3. Thames appealed his conviction, and a division of this court affirmed. *People v. Thames*, (Colo. App. No. 96CA1312, Aug. 13, 1998) (not published pursuant to C.A.R. 35(f)) (*Thames II*).

¶ 3 Thames filed a series of Crim. P. 35(c) motions, which were denied by the district court in a single order and affirmed on appeal. *See Thames I.*

¶ 4     In 2017, Thames filed a "Petition for Rule to Show Cause" in the Colorado Supreme Court, which the Court summarily denied. *People v. Thames*, (Colo. No. 17SA205, Mar. 1, 2018) (unpublished order).

¶ 5     In 2022, Thames filed a "Motion for New Trial Pursuant to Crim. P. 33 Based on New Evidence." He asserted that in 2021, investigators had obtained a "cold hit" linking a latent fingerprint lifted from the door of S.D.'s car with another individual. He claimed that "[t]his proves that another alternate suspect, the actual offender committed this crime, not Thames." He also briefly asserted claims of ineffective assistance of counsel, prosecutorial misconduct, and the trial court's abuse of discretion, all related to his alibi defense. Thames requested a new trial, or, alternatively, a hearing, as well as the appointment of counsel.

¶ 6     After the prosecution filed a response, Thames filed a "Revised and Final Supplemental Motion for New Trial Pursuant to Crim. P. 33 Based on New Evidence." He reasserted his Crim. P. 33 newly discovered evidence claim regarding the fingerprint and also argued at length that the prosecution's serology and DNA evidence were unreliable as compared to evidence produced

through more modern methods. The district court denied the motion, concluding that (1) Thames had failed to submit affidavits with his motion, as required by Crim. P. 33(c); (2) it was "highly unlikely that a single fingerprint on the car, if presented to the jury during the original trial, would have swayed the jury's guilty verdict"; and (3) Thames' DNA evidence reliability claim was not properly brought under Crim. P. 33.

## II.     Discussion

¶ 7     Thames contends that the district court erred by denying his motion. He does not, however, reassert his newly discovered evidence claim on appeal. Rather, he contends that the district court erred by failing to liberally construe his motion as one cognizable under Crim. P. 35(c) or as a motion for postconviction DNA testing under section 18-1-412, C.R.S. 2024. He also asserts new claims of a due process violation, prosecutorial misconduct, and ineffective assistance of trial counsel.

### A.     Crim. P. 33, Crim. P. 35(c), or Section 18-1-412?

¶ 8     Construing Thames' motion liberally, as we must, *see People v. Bergerud*, 223 P.3d 686, 697 (Colo. 2010), we conclude that the postconviction court properly reviewed it under Crim. P. 33.

4

¶ 9     First, the record is clear that Thames intended to raise his claims under Crim. P. 33, not Crim. P. 35. The motion repeatedly cited Crim. P. 33 and also cited case law applying Crim. P. 33. It did not mention directly or through case law citation Crim. P. 35(c). *See People v. Lopez*, 2015 COA 45, ¶ 74 ("Because defendant . . . filed a motion . . . that mentioned Crim. P. 33 repeatedly, but that did not refer to Crim. P. 35(c) at all, he is bound by the choice that he made.").

¶ 10    The motion also included an attached letter from Thames' appellate counsel advising him of the newly matched fingerprint. The letter advised Thames that he could proceed with this new evidence under either Crim. P. 33 or Crim. P. 35:

> What you do with this evidence is entirely up to you. I am not offering legal advice, but I will tell you generally that newly discovered evidence (which this appears to be) can either be raised in a motion for new trial pursuant to Crim. P. 33(c) or a motion for postconviction relief pursuant to Crim. P. 35(c)(2)(V). You will need to look closely at both rules, because the procedures for pursuing relief under Rule 33 differ[] a bit from the Rule 35 procedures.

The letter further explained that any claims other than newly discovered evidence claims, such as ineffective assistance or

prosecutorial misconduct claims, would need to be raised under Crim. P. 35(c).

¶ 11    Moreover, Thames was obviously aware that he could seek postconviction relief under Crim. P. 35(c) because he previously filed motions under that rule.

¶ 12    The record is also clear that Thames did not intend to raise his claims under section 18-1-412. Sections 18-1-412 and 18-1-413, C.R.S. 2024, govern postconviction requests for additional DNA testing. But Thames' motion sought a new trial, which is not relief that is available under either of these statutes. And Thames did not cite these statutes in his motion. Nor did he comply with the requirements of section 18-1-412 by "includ[ing] the results of all prior DNA tests." § 18-1-412(2).

¶ 13    For these reasons, we conclude that the district court did not err by construing Thames' motion under Crim. P. 33, rather than Crim. P. 35(c) or section 18-1-412.

B.    Crim. P. 33 Standard of Review and Applicable Law

¶ 14    We review the denial of a Crim. P. 33 motion for an abuse of discretion. *People v. Lopez,* 2015 COA 45, ¶ 69. "We will uphold

the trial court's ruling if it is not manifestly arbitrary, unreasonable, or unfair." *Id.*

¶ 15 To succeed on a motion for a new trial based on newly discovered evidence, a defendant must show that (1) the evidence was discovered after the trial; (2) the defendant and their counsel exercised diligence to discover all possible evidence; (3) the newly discovered evidence is material to the issues involved; and (4) the newly discovered evidence is of such character as to bring about acquittal if presented at another trial. *People v. Gutierrez*, 622 P.2d 547, 559-60 (Colo. 1981).

C. The District Court Did Not Err by Denying the Motion

¶ 16 We conclude that the district court did not abuse its discretion by denying Thames' Crim. P. 33 motion for two reasons.

¶ 17 First, as the district court found, Thames did not comply with the requirements of Crim. P. 33(c). A motion for a new trial "based upon newly discovered evidence . . . shall be supported by affidavits." Crim. P. 33(c). "The phrase containing 'shall' is a mandatory provision impervious to judicial discretion, which makes it impossible to carve out an exception." *People in Interest of J.P.L.*, 214 P.3d 1072, 1077 (Colo. App. 2009). To a degree, Thames

7

acknowledged this requirement in his motion by indicating that he would provide "verbal" affidavits in the future to support his contentions and in the reply when he "admit[ted] that the motion will preferably be completed in a timely manner with affidavits." But acknowledging the requirement without including the actual affidavits is not sufficient. Therefore, the district court did not err by denying Thames' motion for lack of supporting affidavits.

¶ 18    On appeal, Thames argues that the affidavit requirement under Crim. P. 33(c) violates the Supremacy Clause and the Supreme Court's holding in *Haines v. Kerner*, 404 U.S. 519 (1972). Specifically, he claims that "Rule 33's affidavit requirement on its strict terms is in direct conflict with [*Haines*], because [*Haines*] requires a liberal construction of the pleadings, whereas Crim. P. Rule 33 jurisprudence applies a strict construction and application of an affidavit requirement to establish a basis for reversal of a judgment." We disagree that any such conflict exists because a party's pro se status does not relieve them of complying with the rules. Indeed, pro se parties are bound to follow the procedural rules just as represented parties are required to do. *See People v. Romero*, 694 P.2d 1256, 1266 (Colo. 1985). Moreover, as discussed,

8

Thames was aware that he could file a motion under either Crim. P. 33 or Crim. P. 35, but he chose Crim. P. 33. And he was specifically aware of the affidavit requirement, as he acknowledged in the motion and reply. Because Thames did not raise this issue in his motion, we will not further address it. *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

¶ 19 Second, Thames has abandoned his newly discovered evidence claim by not specifically reasserting it on appeal. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83. Rather than reassert the claim, Thames argues that the district court's interpretation of his claim was "inaccurate and distorted and fail[ed] to address the facts that the prosecutor's DNA evidence and other identification evidence was fraudulent." He then asserts new claims regarding a violation of his due process rights, prosecutorial misconduct, and ineffective assistance of trial counsel. While Thames mentions in passing that the "new fingerprint evidence" was "exculpatory," he presents no further argument regarding it,

much less an argument that the district court's conclusion that the evidence would not likely result in an acquittal was erroneous. "It is the duty of counsel for appealing parties to inform a reviewing court both as to the specific errors relied upon and as to the grounds, supporting facts and authorities therefor." *People v. Diefenderfer*, 784 P.2d 741, 752 (Colo. 1989). Furthermore, "we do not address skeletal arguments." *People v. Leverton*, 2017 COA 34, ¶ 65.

### D. Thames' Remaining Claims

¶ 20 For the first time on appeal, Thames contends that his trial attorneys were ineffective because (1) forensic scientist Yvonne Woods "concealed exculpatory evidence from the defense and presented false identification evidence"; (2) they failed to properly investigate "viable leads" for alternate suspects; and (3) they failed to prepare for trial by not developing an alternate suspect defense and by not "attack[ing] the prosecution identification evidence." Thames also claims prosecutorial misconduct based on "the governments' false evidence and concealment of exculpatory evidence concerning an alternative suspect and the unreliability of CBI forensic scientist Woods' identification practices." Finally, he

asserts that "Wood[s'] corrupt and fraudulent DNA practices . . . present[] a meritorious due process violation based on the lack of actual identification evidence." Although Thames argues to the contrary, he did not raise these claims in his Crim. P. 33 motion. We therefore will not address them. *See Cali,* ¶ 34.

## III.  Disposition

¶ 21    The order is affirmed.

JUDGE GOMEZ and JUDGE MEIRINK concur.