24CA1376 Peo v Saldivar 10-02-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1376
El Paso County District Court No. 11CR3284
Honorable William H. Moller, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Roy Saldivar,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE KUHN
Dunn and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Roy Saldivar, Pro Se

¶ 1    Defendant, Roy Saldivar, appeals the district court's order denying his Crim. P. 33 motion for a new trial based on newly discovered evidence. We affirm.

## I.    Background

¶ 2    A jury found Saldivar guilty of second degree murder and two crime of violence counts. Saldivar then moved for a new trial based on newly discovered evidence. Meanwhile, the district court sentenced Saldivar to thirty-eight years in the custody of the Department of Corrections and reserved ruling on his motion for a new trial. During a limited remand from Saldivar's direct appeal, the district court held a hearing in 2013 and denied the motion for a new trial. The direct appeal was recertified, and a division of this court affirmed the judgment of conviction and the order denying Saldivar's motion for a new trial. *See People v. Saldivar*, (Colo. App. No. 12CA2330, Feb. 12, 2015) (not published pursuant to C.A.R. 35(f)). The mandate issued in 2015.

¶ 3    Saldivar then filed multiple unsuccessful Crim. P. 35 postconviction motions and related appeals. *See People v. Saldivar*, (Colo. App. No. 21CA1754, July 13, 2023) (not published pursuant

to C.A.R. 35(e)); *People v. Saldivar*, (Colo. App. No. 19CA2010, Feb. 18, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 4     In 2024, Saldivar filed the underlying Rule 33(c) motion for a new trial based on newly discovered evidence — namely, contradictory statements made by the prosecutor. Specifically, he asserted that, during closing arguments, the prosecutor told the jury that the victim was still alive when Saldivar shot him for a second and third time. But during the 2013 hearing on his motion for a new trial, the prosecutor represented to the court that the victim had already died before Saldivar shot him the two additional times. As relevant here, Saldivar didn't attach affidavits to support the motion, and he said that he discovered this "new evidence" during the 2013 hearing.

¶ 5     The district court denied the motion, finding that the prosecutor's statements weren't evidence and that, nevertheless, the contradictory statements were immaterial because they only challenged the prosecution's theory of the case.

## II.     Analysis

¶ 6     Saldivar contends that the district court erred by denying his motion for a new trial. We disagree.

2

A.    Legal Authority and Standard of Review

¶ 7    Rule 33(c) requires that a defendant who seeks a new trial based upon newly discovered evidence must file a motion "as soon after entry of judgment as the facts supporting it become known to the defendant." "[E]ntry of judgment" occurs upon a verdict of guilt and imposition of a sentence. *People v. Bueno*, 2018 CO 4, ¶ 24. A defendant's motion for a new trial based on newly discovered evidence must show the following:

> that the evidence was discovered after the trial; that the defendant and defense counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and that . . . the newly discovered evidence is of such character as probably to bring about an acquittal if presented at another trial.

*People v. Gee*, 2015 COA 151, ¶ 73. The motion must also be supported by affidavits. Crim. P. 33(c).

¶ 8    We review a court's decision whether to grant a new trial under Rule 33(c) for an abuse of discretion. *Gee*, ¶ 72. "A trial court abuses its discretion when its ruling is manifestly arbitrary,

unreasonable, or unfair, or when it misapplies the law." *People v. Johnson*, 2021 CO 35, ¶ 16 (citations omitted).

### B. The District Court Properly Denied the Motion for a New Trial

¶ 9 We conclude that the district court didn't abuse its discretion by denying Saldivar's Rule 33(c) request for a new trial for three reasons.

¶ 10 First, we agree with the district court that the arguments of counsel are not evidence, *see Robertson v. People*, 2017 COA 143M, ¶ 35, and that, therefore, the prosecutor's allegedly contradictory statements couldn't constitute newly discovered evidence.

¶ 11 Second, Saldivar didn't file his 2024 motion "as soon after entry of judgment as the facts supporting it bec[a]me known." Crim. P. 33(c). The entry of judgment here occurred, at the latest, in 2015, when this court issued the mandate affirming the judgment of conviction. But Saldivar didn't file his motion for a new trial based on "new evidence" — which he admittedly discovered in 2013 — until nearly nine years later.

¶ 12 Third, Saldivar didn't attach the required affidavits to his Rule 33(c) motion. *See People in Interest of J.P.L.*, 214 P.3d 1072, 1077

4

(Colo. App. 2009) (concluding a "magistrate did not abuse his discretion in denying the juvenile's motion for a new trial" under Rule 33(c) because "[t]he juvenile failed to file supporting affidavits with his motion").

¶ 13 To the extent Saldivar challenges his conviction based on the prosecutor misrepresenting or misstating the evidence during closing argument, we decline to address that assertion. Substantively, that is an untimely and successive Rule 35(c) claim. *See People v. Knoeppchen*, 2019 COA 34, ¶ 6 ("[T]he substantive issues raised in a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."), *overruled on other grounds by People v. Weeks*, 2021 CO 75, ¶ 47 n.16; Crim. P. 35(c)(2)(I) (authorizing a defendant's challenge to their conviction and sentence as violating the constitutions or laws of the United States and Colorado); *see also* § 16-5-402(1), C.R.S. 2025 (allowing a defendant to file a Rule 35(c) motion only within three years of their conviction for a felony offense other than a class 1 felony); Crim. P. 35(c)(3)(VI), (VII) (requiring a court to deny a Rule 35(c) claim that was, or could have been, raised and resolved in a

prior appeal or postconviction proceeding on behalf of the same defendant).

¶ 14    And we decline to consider Saldivar's arguments about judicial estoppel or sufficiency of the evidence because he asserted them for the first time on appeal, *see People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998), or for the first time in his reply brief, *see People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

### III.    Disposition

¶ 15    The order is affirmed.

JUDGE DUNN and JUDGE LIPINSKY concur.