**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Arthur Earl WATERS, Defendant and Appellee.**

No. 17326.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1991.

Decided July 17, 1991.

Rehearing Denied Aug. 27, 1991.

Mark W. Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

David R. Wurm, Office of Public Defender, Rapid City, for defendant and appellee.

PER CURIAM.

### ACTION

State appeals from an order dismissing a criminal complaint, without prejudice to refile, against Arthur Earl Waters.

### FACTS

Between June 18 and 22, 1990, Waters helped Irene Williams move from Custer to Rapid City. State alleges that Waters stole two guns from Irene Williams' belongings during the move and subsequently pawned them. On August 27, 1990, State charged Waters with Grand Theft under SDCL 22–30A–1 and 22–30A–17.

Waters filed a motion to dismiss the complaint and noted the statute he was charged under had been amended. The trial court accepted briefs on the issue and heard oral argument and then, with both counsel present, orally dismissed the action without prejudice for State to refile the charges under the amended statute. The trial court signed an order dismissing the complaint on October 2, 1990 and it was filed with the clerk of courts that same day. Waters had a copy of the order hand delivered to State on October 2, 1990. State filed its notice of appeal on October 23, 1990. Waters filed a motion to dismiss, which this Court denied.

### ANALYSIS

After the opportunity to review the entire record, we conclude that this Court lacks subject matter jurisdiction to entertain this appeal because of State's failure to file its notice of appeal in a timely manner.

On October 2, 1990, Waters had a copy of the order hand delivered to State. That same day he completed a certificate of service and filed it in the court file. SDCL

23A–32–6 provides that State must perfect its appeal by filing its notice of appeal "within ten days after written notice of entry of the judgment or order." State did not file its notice of appeal until 21 days after the notice of entry. We have consistently held that failure to file a notice of appeal in a timely manner is a jurisdictional defect and cannot be waived or excused. *State v. Hare*, 260 N.W.2d 224 (S.D.1977); *Kulesa v. Department of Public Safety*, 278 N.W.2d 637 (S.D.1979). *See also* SDCL 15–26A–92 (Supreme Court may not enlarge the time for filing a notice of appeal.)

■ State claims it did not receive notice of the order; but submitted no evidence or argument to refute the certificate of service of the order in the court file. SDCL 15–6–5(b) provides:

> Service upon the attorney or upon a party shall be made by delivering a copy.... Delivery of a copy within § 15–6–5 means: Handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person over the age of fourteen years then residing therein.... *An attorney's certificate of service, the written admission of service by the party or his attorney or an affidavit shall be sufficient proof of service.* (emphasis added).

By completing the certificate of service and filing it in the court file, Waters' attorney swore as an officer of the court that State had been served with a copy of the order. He did this before any controversy existed as to the timeliness of State's notice of appeal. When an attorney files a certificate of service, under SDCL 15–6–5(b), a presumption arises as to the sufficiency of the service. *See Timmons v. United States*, 194 F.2d 357 (4th Cir.1952) *cert. denied* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952). *See generally* 4A Wright & Miller, Federal Practice and Procedure Civil 2d § 1150. Without this presumption an opposing party could simply claim they never received service and destroy the effectiveness and efficiency of our service statutes. Moreover, without this presumption, attorneys would be able simply to stake their word against that of another attorney and force the court into the untenable position of judging the credibility of the attorneys.

Accordingly, we must hold the limitation period for filing the notice of appeal began to run on October 2, 1990. Since the notice of appeal was not filed until October 23, 1990, it is untimely and the jurisdiction of this Court was not properly invoked. Consequently, this appeal is dismissed for lack of subject matter jurisdiction.

MILLER, C.J., and WUEST, HENDERSON, SABERS, and AMUNDSON, JJ., participating.