#27171-dismissed-JKK

**2014 S.D. 95**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

THE PEOPLE OF THE STATE OF SOUTH DAKOTA, EX REL.,
SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES
IN THE INTERESTS OF L.R. AND T.W., MINOR CHILDREN
AND CONCERNING A.W. AND T.R., RESPONDENTS.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE GLEN W. ENG
Judge

* * * *

ANN M. HOLZHAUSER
Special Assistant Attorney General
Department of Social Services
Pierre, South Dakota

Attorneys for petitioner
and appellee State of
South Dakota.


LUCI YOUNGBERG
Yankton County Public Defender
Yankton, South Dakota

Attorney for respondent
and appellant Mother
A.W.

* * * *

CONSIDERED ON RESPONSE
TO SHOW CAUSE ORDER ON
OCTOBER 2, 2014

OPINION FILED 12/23/2014

#27171

KONENKAMP, Justice

[¶1.] In response to an order to show cause, we examine whether, after this Court has dismissed an untimely filed appeal, a circuit court may amend its final order with a new date to permit the filing of another, timely notice of appeal in the same case.

## Background

[¶2.] On July 16, 2013, the circuit court entered findings of fact, conclusions of law, and a dispositional order terminating the parental rights of A.W. (Mother) to her biological children L.R. and T.W., in an abuse and neglect proceeding under SDCL chapter 26-8A. A timely notice of appeal was filed on August 16, 2013, but Mother's signature was not on the notice. As this error in an appeal of a chapter 26-8A proceeding "deprives the Supreme Court of jurisdiction to decide the appeal[,]" SDCL 15-26A-4, we dismissed the appeal (#26781) for lack of jurisdiction. "[T]here is no provision for cure, and the signing requirement of SDCL 15-26A-4 is explicitly jurisdictional[; thus,] failure to comply with its mandate cannot be excused." *People ex rel. B.H.*, 2011 S.D. 26, ¶ 19, 799 N.W.2d 408, 412 (per curiam).

[¶3.] Mother then filed a second notice of appeal on November 15, 2013. In anticipation of filing this second notice, she obtained a second notice of entry of the July dispositional order from the Yankton County State's Attorney in an attempt to restart the thirty-day timeframe for appeal. *See* SDCL 15-26A-6. If that notice of entry lawfully restarted the thirty-day timeframe, her second appeal would have been timely. But we dismissed her second attempted appeal (#26892) as untimely

-1-

#27171

because there was no authority to restart the thirty-day timeframe for appeal on the mere filing of an updated notice of entry. *See* SDCL 15-26A-2, -4, -92.

[¶4.] On August 14, 2014, thirteen months after the circuit court entered its dispositional order terminating Mother's parental rights, she filed a third notice of appeal after obtaining an "Amended Dispositional Order" from the circuit court. This Order comprised six bolded changes to the original July 16, 2013 dispositional order. One of these changes was to modify the date of the order to August 5, 2014. The other changes can only be characterized as minor additions or corrections. The court then entered the order on August 6, 2014, and the State filed a notice of entry on August 11, 2014. This Court again found that Mother had failed to adhere to appellate procedure by not certifying proof of service of the notice of appeal and docketing statement on "each party other than appellant[.]" SDCL 15-26A-4(3). As a result, we issued an order for Mother to show cause why her appeal should not be dismissed for failure to adhere to procedure.[1] Mother answered by producing her certification that she had indeed served the notice of appeal and docketing statement on all other parties when she filed the third notice of appeal.

---

1.   We exercised our discretion not to dismiss the notice of appeal outright because "[i]t is the fact of service, not proof thereof, that gives the court jurisdiction." *Johnson v. Kusel*, 298 N.W.2d 91, 93 (S.D. 1980). "[O]nly failure to timely serve and file the notice of appeal is jurisdictionally fatal to an appeal's validity, while lesser omissions may be subject to sanctions." *W. States Land & Cattle Co. v. Lexington Ins. Co.*, 459 N.W.2d 429, 432 (S.D. 1990) (footnote omitted). In other words, per SDCL 15-26A-4: "Failure of an appellant to take any step other than timely service and filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal."

[¶5.] In response, the State asserted that the circuit court's bolded changes to the amended order were "corrections to clerical mistakes." Regardless of Mother's actual service on the parties, the State argued, an order amended to correct clerical errors cannot restart the timeframe for appeal, making Mother's third appeal untimely. *See Rabo Agrifinance, Inc. v. Rock Creek Farms*, 2012 S.D. 20, ¶¶ 10-11, 813 N.W.2d 122, 126-27 (citing SDCL 15-26A-2, -92). "It is the rule in this state that jurisdiction must affirmatively appear from the record and this Court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not." *State v. Phipps*, 406 N.W.2d 146, 148 (S.D. 1987) (quoting *State v. Huftile*, 367 N.W.2d 193, 195 (S.D. 1985)) (internal quotation marks omitted).

## Analysis and Decision

[¶6.] In *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 73 S. Ct. 245, 97 L. Ed. 245 (1952), the United States Supreme Court dismissed a petition for writ of certiorari from the FTC. The FTC had failed to file a petition for rehearing "within 15 days after the entry of judgment" after the Seventh Circuit Court of Appeals reversed an FTC enforcement decision on one of three counts. *Id.* at 208, 73 S. Ct. at 247. Instead, the FTC had submitted, one month after the rehearing deadline, a memorandum asking the court to sustain its cross-petition on the other two counts, "which had no effect on the merits of the decision that [the Supreme Court was subsequently] asked to review in the petition for certiorari." *Id.* at 208, 211, 73 S. Ct. at 247, 248. The Seventh Circuit thereafter issued a "Final Decree" affirming both the FTC's cross-petition on the two counts

and the court's earlier reversal of the FTC's decision on the single count. *Id.* at 209-10, 73 S. Ct. at 248. The FTC's certiorari petition was only timely if "the ninety-day filing period began to run anew from the second judgment." *Id.* at 210, 73 S. Ct. at 248.

[¶7.] The Supreme Court found the petition for certiorari untimely, holding:

> While it may be true that the Court of Appeals had the power to supersede the judgment of July 5 with a new one, it is also true . . . that the time within which a losing party must seek review cannot be enlarged just because the lower court in its discretion thinks it should be enlarged. Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.

*Id.* at 211-12, 73 S. Ct. at 248-49 (footnotes omitted). The principle underlying the Supreme Court's ruling against the FTC is one intrinsic to our system of justice — the finality of judgments:

> [W]e do mean to encourage applicants to this Court to take heed of another principle — the principle that litigation must at some definite point be brought to an end. It is a principle reflected in the statutes which limit our appellate jurisdiction to those cases where review is sought within a prescribed period.

*See id.* at 213, 73 S. Ct. at 249 (footnote omitted). Indeed, "[t]he general rule is that . . . where the amendment [to a judgment] relates only to the correction of a clerical or formal error, it does not affect the time allowed for appeal." *Interstate Printing*

*Co. v. Dep't of Revenue*, 459 N.W.2d 519, 523 (Neb. 1990) (quoting 4 Am. Jur. 2d *Appeal & Error* § 308, at 793 (1962)).

[¶8.] Much like the United States Supreme Court, this Court follows rules that limit our appellate jurisdiction to timely filings.[2] *See* SDCL 15-26A-4(4), -6. Timely filing is a prerequisite that cannot be waived. *See* SDCL 15-26A-2, -92. We therefore agree with the Supreme Court that in our procedure:

> The purpose of statutes limiting the period for appeal is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose. Would-be appellants could prolong indefinitely the appeal period . . . .

*Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S. Ct. 1126, 1128, 87 L. Ed. 1483 (1943) (per curiam). If this Court did not adhere closely to this principle of finality, such as by allowing an amended final order or judgment to revive a right to

---

2. A statutory exception applies to criminal cases. See SDCL 23A-27-51:

> If the court finds that an applicant was denied the right to an appeal from an original conviction in violation of the Constitution of the United States or the Constitution of South Dakota, the court shall issue a new judgment and impose the same sentence if such relief is requested within a reasonable time and an adequate record of the original trial proceeding is available for review. The court shall advise the applicant of the following:
>
> 1. The rights associated with an appeal from a criminal conviction; and
>
> 2. The time for filing a notice of appeal from the reimposed judgment and sentence.
>
> Nothing in this section limits an applicant's right to habeas corpus.

appeal in a case months or years after the time for appeal had otherwise expired,

yet another juridical principle would be jeopardized — predictability. *See id.*

[¶9.]        A lack of predictability and finality in judgments would unreasonably

burden courts and litigants with stale claims and would especially burden children

in abuse and neglect cases:

> Children are not static objects. They grow and develop, and
> their proper growth and development require more than day-to-
> day satisfaction of their physical needs. Their growth and
> development also require day-to-day satisfaction of their
> emotional needs, and a primary emotional need is for
> permanence and stability. . . . A child's need for permanence
> and stability, like his or her other needs, cannot be postponed.
> It must be provided early.

*In re A.S.*, 2000 S.D. 94, ¶ 24, 614 N.W.2d 383, 387 (per curiam) (quoting *In re Baby*

*Boy K*, 1996 S.D. 33, ¶ 43, 546 N.W.2d 86, 97). This Court has often held that

where parents in abuse and neglect cases ask for repeated chances to forestall

termination of parental rights after minimal or no improvement in parenting,

"[children] should not be required to wait for parents to acquire parenting skills

that may never develop." *See, e.g.*, *People ex rel. S.H.E.*, 2012 S.D. 88, ¶ 33, 824

N.W.2d 420, 429 (per curiam) (alteration in original) (quoting *People ex rel. P.K.*,

2006 S.D. 17, ¶ 24, 711 N.W.2d 248, 256) (internal quotation marks omitted); *In re*

*L.S.*, 2012 S.D. 22, ¶ 22, 812 N.W.2d 505, 510 (quoting *In re J.Y.*, 502 N.W.2d 860,

862 (S.D. 1993)). In like manner, children's lives should not be held in suspense for

months or years — potentially until they reach adulthood — on the chance a lapsed

appeal might revive on the filing of a judgment that makes insubstantial corrections

to an earlier judgment.

[¶10.] As with the revisions of the "final" order in *Minneapolis-Honeywell*, the bolded revisions contained in the Amended Dispositional Order were not "matters of substance" and did not "resolve[ ] a genuine ambiguity" or "disturb[ ] or revise[ ] legal rights and obligations which, by [the court's] prior judgment, had been plainly and properly settled with finality." *See* 344 U.S. at 211-12, 73 S. Ct. at 248-49. The amendments in the Amended Dispositional Order therefore did not create a new, final order that restarted the time for appeal. *See id.* at 211, 73 S. Ct. at 248.

[¶11.] We order Mother's appeal dismissed as untimely.

[¶12.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.