#28449-a-SLZ
**2018 S.D. 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MARY PETERSEN,                                    Appellant,

    v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                              Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MARK BARNETT
Judge

* * * *

TARA L. ADAMSKI
Pierre, South Dakota

STEVEN Z. KAPLAN of
Fredrikson & Byron, P.A.
Minneapolis, Minnesota                            Attorneys for appellant.

MARTY J. JACKLEY
Attorney General

ASHLEY E.H. MCDONALD
Special Assistant Attorney General
Sioux Falls, South Dakota                         Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
MARCH 19, 2018
OPINION FILED **05/16/18**

#28449

ZINTER, Justice

[¶1.] The South Dakota Board of Pardons and Paroles adjudicated a prison inmate's initial parole-eligibility date, and the inmate did not appeal. Two years later, the inmate requested the Board to reconsider. The Board declined, and the inmate filed an administrative appeal in circuit court. The circuit court concluded it lacked subject matter jurisdiction and dismissed the appeal with prejudice. We affirm.

*Facts and Procedural History*

[¶2.] Mary Petersen is an inmate in the South Dakota Women's Prison. After being convicted of additional felonies while in prison, the Board of Pardons and Paroles redetermined her initial parole-eligibility date. Petersen requested the Board to review its redetermination, and the Board conducted a hearing on the matter. On February 17, 2015, the Board made its final determination and issued findings of fact, conclusions of law, and an order setting Petersen's initial parole-eligibility date as October 20, 2037. Petersen was served with the findings, conclusions, order, and notice of entry of order. She did not appeal.

[¶3.] Two years later, on February 2, 2017, Petersen's attorney wrote a letter requesting the Board to review her parole date again. The Board summarily denied the request by letter dated February 22, 2017.

[¶4.] On March 10, 2017, Petersen filed a notice of appeal in circuit court. The appeal purported to be taken from the Board's 2017 letter declining review. Petersen asserted the circuit court had appellate jurisdiction to entertain the appeal

under SDCL 1-26-30.2, an Administrative Procedure Act statute authorizing circuit courts to review certain decisions of administrative agencies.

[¶5.]    The Board moved to dismiss the appeal for lack of subject matter jurisdiction.  The Board contended its 2017 letter declining to review Petersen's parole date a second time was not a decision that could be appealed under SDCL 1-26-30.2.  Petersen made responsive arguments and also moved to amend her notice of appeal to include original causes of action for habeas corpus and declaratory relief.

[¶6.]    The circuit court ruled that the Board's 2017 letter was not an appealable "decision, order, or action" within the meaning of SDCL 1-26-30.2.  The court considered Petersen's 2017 letter an untimely appeal of the Board's 2015 decision.  Accordingly, the court ruled that it did not have subject matter jurisdiction to review the Board's final parole determination, and the court dismissed the appeal with prejudice.  Because the court determined that it did not have the power to act beyond dismissal, the court declined to rule on Petersen's motion to amend.

*Decision*

[¶7.]    The Legislature has prescribed the circuit courts' appellate jurisdiction to consider appeals of administrative agency decisions.  Under SDCL chapter 1-26, an aggrieved party in a "contested case" may appeal to circuit court the "final decision, ruling, or action of an agency."  SDCL 1-26-30, -30.2.  Petersen contends the Board's 2017 letter was a "final decision" within the meaning of SDCL 1-26-30.2.  However, we need not determine whether the Board's letter was a "final

decision" because the statute also requires the appeal to be by a party in a "contested case." SDCL 1-26-30.2.

[¶8.] The Legislature defined a "contested case" in the administrative context as "a proceeding . . . in which the legal rights, duties, or privileges are *required by law* to be determined by an agency after an opportunity for hearing . . . ." SDCL 1-26-1(2) (emphasis added). Therefore, for Petersen to be an aggrieved party in a "contested case," the Board must have been required by law to review her parole date a second time.

[¶9.] Petersen argues SDCL 24-15A-33[1] required the Board to make that redetermination in 2017. The first sentence of SDCL 24-15A-33 provides that an inmate's parole date is subject to change when there has been change in the number of the inmate's convictions. The second sentence provides that "[a]ny inmate who is aggrieved by the established parole date" may "apply for a review of the date with the board for a determination of the true and correct parole date." *Id.* Petersen contends this statute provided her the right and assigned the Board the duty to review her parole date when she requested in 2017.

[¶10.] However, Petersen previously exercised her SDCL 24-15A-33 right to have the Board review her parole date in the 2015 contested-case proceeding. The Board issued findings of fact, conclusions of law, an order, and a notice of entry of

---

1. SDCL 24-15A-33 provides:

> An inmate's initial parole date is subject to change upon receipt of information regarding a change in the number of prior felony convictions or any subsequent felony convictions. Any inmate who is aggrieved by the established parole date may apply for a review of the date with the [Board of Pardons and Paroles] for a determination of the true and correct parole date.

order. Petersen cites no authority suggesting that the statute requires the Board to provide multiple reviews of the same facts.

[¶11.]    Petersen's contrary interpretation would mean that the Legislature intended to give inmates the right to unlimited Board hearings and circuit court appeals concerning their parole dates without any change in facts. The Legislature could not have intended to burden the Board and the courts in such a way. Additionally, as the circuit court observed, such an interpretation would mean that the thirty-day time limit for appealing administrative decisions in SDCL 1-26-31 "would have no meaning whatsoever." We do not engage in statutory interpretation that renders other related statutes meaningless. *See In re Appeal of Real Estate Tax Exemption for Black Hills Legal Servs., Inc.*, 1997 S.D. 64, ¶ 12, 563 N.W.2d 429, 432.

[¶12.]    We hold that absent a change in circumstances such as a subsequent conviction, once an inmate's parole date has been administratively reviewed pursuant to SDCL 24-15A-33, the Board is not required to provide additional reviews at the discretion of the inmate.[2] Accordingly, the Board's 2017 letter declining an additional review was not a final decision in a contested case that could be appealed to the circuit court under SDCL 1-26-30.2. The only decision Petersen could have appealed was the Board's final determination in 2015, but she failed to appeal that decision within thirty days as required by SDCL 1-26-31. As we have previously stated, "'when the legislature provides for appeal to circuit court from an

---

2.    This decision does not prohibit the Board from subsequently redetermining an inmate's parole date in its administrative discretion. We only hold that SDCL 24-15A-33 does not *require* a second review.

administrative agency, the circuit court's appellate jurisdiction depends on

compliance with conditions precedent set by the legislature.' The failure to comply

with a statutory condition precedent deprives the circuit court of subject matter

jurisdiction."[3] *Schreifels v. Kottke Trucking*, 2001 S.D. 90, ¶ 9, 631 N.W.2d 186, 188

(quoting *Claggett v. Dep't of Revenue*, 464 N.W.2d 212, 214 (S.D. 1990)). The circuit

court correctly concluded it did not have subject matter jurisdiction to hear

Petersen's appeal.

---

3.     We note that the failure to comply with statutory prerequisites does not always deprive the court of *subject matter jurisdiction*, which is the power of the court to determine certain types of cases. *See Wipf v. Hutterville Hutterian Brethren, Inc.*, 2013 S.D. 49, ¶ 21, 834 N.W.2d 324, 331. Sometimes the failure to comply with statutory prerequisites merely deprives a party the ability to litigate a specific issue or case. Additionally, some failures may be waived or forfeited, which is not the case for true jurisdictional defects. Because a discussion of these differences is not necessary to resolve this appeal, we do not further address them here. We only caution careful use of the terms power, authority, and subject matter jurisdiction when discussing procedural requirements for appeals. This Court and others are beginning to address and clarify the distinctions when necessary to the outcome of the case. *See, e.g.*, *Hamer v. Neighborhood Housing Servs. of Chicago*, ___ U.S. ___, ___, 138 S. Ct. 13, 17-18, 199 L. Ed. 2d 249 (2017) (emphasizing that lack of court jurisdiction, the rules for which may only be set by the a legislative branch, requires dismissal; whereas claim-processing rules not set by the legislative branch "may be waived or forfeited"); *Henderson v. Shinseki*, 562 U.S. 428, 434-35, 131 S. Ct. 1197, 1202-03, 179 L. Ed. 2d 159 (2011) (distinguishing jurisdictional rules, which "govern[ ] a court's adjudicatory capacity," and claim-processing rules, which "are rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"); *People ex rel. S.D. Dep't of Social Servs.*, 2014 S.D. 95, ¶ 4 & n.1, 857 N.W.2d 886, 887 & n.1 (noting this Court had discretion to dismiss appeal where there was no certificate of service and that although "failure to timely serve and file the notice of appeal is jurisdictionally fatal to an appeal's validity, . . . lesser omissions may be subject to sanctions"); *March v. Thursby*, 2011 S.D. 73, ¶ 15, 806 N.W.2d 239, 243 (stating that "[s]ubject matter jurisdiction is only dependent on the nature of the proceeding and the relief sought" and "is not determined by technical pleading requirements").

[¶13.] Petersen also argues the circuit court erred in failing to address her motion to "amend" her "pleadings" to include original causes of action for habeas corpus and declaratory relief. But Petersen only filed a notice of appeal, and that filing only purported to invoke the circuit court's appellate jurisdiction. Therefore, even if the court had subject matter jurisdiction to review the Board's 2017 refusal to review, that jurisdiction would not have included the power to adjudicate untried, original causes of action in the course of reviewing the appeal. Ultimately, the circuit court correctly recognized that because it had no subject matter jurisdiction to review the appeal, it had no authority to rule on Petersen's motion to amend. *See Claggett*, 464 N.W.2d at 214 ("When an attempt is made to appeal from a non-appealable order, the circuit court does not have jurisdiction for any purpose, except to dismiss the appeal."). The circuit court did not err in declining to address Petersen's motion to amend.

[¶14.] Petersen finally argues the circuit court prejudicially erred in dismissing her appeal "with prejudice." However, the court did not err. The phrase "with prejudice" only serves to preclude Petersen from filing the same appeal again. *See McCann v. Lakewood*, 642 N.E.2d 48, 52 (Ohio Ct. App. 1994). Additionally, Petersen was not prejudiced. This appeal was dismissed for lack of jurisdiction, and unless barred by other defenses, dismissal of the appeal "with prejudice" does not in and of itself bar other viable, original actions she may have concerning her parole and confinement.

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, and SEVERSON, Justice, concur.

#28449

[¶17.]      KERN and JENSEN, Justices, concur specially.


JENSEN, Justice (concurring specially).

[¶18.]      I agree with the majority opinion that Petersen's administrative appeal from the Board's 2015 parole calculation is time barred and that the circuit court's dismissal "with prejudice" applies only to the administrative appeal of the Board's 2015 parole calculation. *Supra* ¶ 14. Although I express no opinion on the merits of the Board's 2015 parole calculation, I write to highlight SDCL 24-15A-20[4] as a seeming outlier from the system of parole created by the Legislature in 1996 under SDCL 24-15A-32.[5]

---

4.      SDCL 24-15A-20 provides:

> If a person is convicted of a felony while an inmate under the custody of the warden of the penitentiary, the sentence shall run consecutively and the person is not eligible for consideration for parole until serving the last of all such consecutive sentences, unless the sentencing court specifically orders otherwise. The parole date shall be established subject to the provisions of § 24-15A-32. This section does not apply to a person who commits a felony while on parole as defined in § 24-15A-15.

5.      SDCL 24-15A-32 provides, in part:

> Each inmate sentenced to a penitentiary term, except those under a sentence of life or death, or determined to be ineligible for parole as authorized in § 24-15A-32.1, shall have an initial parole date set by the department. This date shall be calculated by applying the percentage indicated in the following grid to the full term of the inmate's sentence pursuant to § 22-6-1.

> SDCL 24-15A-32 was amended by the 2018 Legislature in H.B. 1054 (adding additional violent offenses for parole calculations) and 1109 (providing for discretionary parole for inmates that are seriously ill).

-7-

[¶19.] In 2005, Petersen was sentenced to serve 26 years consecutively in the State penitentiary on three counts of grand theft.[6] Because all three convictions were nonviolent offenses and were Petersen's first, second, and third felony convictions, she was initially eligible to be released on presumptive parole in May 2014 under SDCL 24-15A-32. In 2008, Petersen was convicted of two charges of forgery, a charge of identity theft, and a class five felony for grand theft. Petersen was sentenced to a total of seven consecutive years in the penitentiary on all four convictions. Because these offenses were committed while Petersen was incarcerated in the penitentiary, the Board recalculated her parole eligibility in 2015. The Board determined that, under SDCL 24-15A-20, Petersen was not eligible for parole until October 2037.[7]

[¶20.] Petersen points out the significant difference between the parole calculation made by the Board under SDCL 24-15A-20 and presumptive parole under SDCL 24-15A-32. The new convictions added not just seven years to Petersen's calculated parole-eligibility date but an additional 23 years. Under the

---

6.  Petersen was facing multiple charges for grand theft in two counties and a number of charges were dismissed. At the time, the theft of property with a value exceeding $500 was a class four felony. Currently, the value of the property must exceed $5,000 to be classified as a class four felony.

7.  The Board arrived at this date first by adding the sentences for the four felonies committed while in the penitentiary (two years for each of the forgery convictions, two years for the grand-theft conviction, and one year for the identity-theft conviction) to the original 26 years imposed, resulting in a term-expiration date of May 2038. Per SDCL 24-15A-32, the Board then applied 40% to the one-year sentence for the identity-theft conviction. Thus, Petersen would be eligible for parole in October 2037, or 146 days after she began to "serv[e] the last of all . . . consecutive sentences[.]" SDCL 24-15A-20.

Board's 2015 calculation, Petersen will serve over 32 years in the penitentiary and be a few months shy of 70 before she is eligible for parole. Petersen claims that if parole eligibility had been properly calculated by the Board under SDCL 24-15A-32, she would have been released in early 2017, even with the new convictions.

[¶21.] SDCL 24-15A-20 also seems to add another twist. Under the current system of parole, we have stated that parole is an executive function, and the Board is solely responsibility under SDCL 24-15A-32 "to calculate an initial parole date 'by applying the percentage indicated in the grid to the full term of the inmate's sentence.'" *Rowley v. S.D. Bd. of Pardons & Paroles*, 2013 S.D. 6, ¶ 14, 826 N.W.2d 360, 365 (quoting SDCL 24-15A-32). Yet, SDCL 24-15A-20 states that "the sentence shall run consecutively and the person is not eligible for consideration for parole until serving the last of such consecutive sentences, *unless the sentencing court specifically orders otherwise*." (Emphasis added.)

[¶22.] Sentencing judges are well versed in the presumptive parole grids set forth in SDCL 24-15A-32, but judges may wish to consider SDCL 24-15A-20 when imposing a sentence on an inmate convicted of a crime that occurred while incarcerated in the penitentiary.

[¶23.] KERN, Justice, joins this writing.