#29873, #30060-dismiss-PER CURIAM
**2023 S.D. 47**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

#29873

PEOPLE OF THE STATE OF SOUTH DAKOTA
IN THE INTERESTS OF S.A., a minor child,
Respondent Father A.F., and
Respondent Mother F.A.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

\* \* \* \*

CHRISTOPHER MILES of
Minnehaha County Public
    Defender's Office
Sioux Falls, South Dakota                    Attorneys for appellant S.A.


MARTY J. JACKLEY
Attorney General

MATTHEW W. TEMPLAR
Assistant Attorney General                   Attorneys for appellee State
Pierre, South Dakota                         of South Dakota.

\* \* \* \*

CONSIDERED ON BRIEFS
AUGUST 30, 2022
OPINION FILED **09/13/23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

#30060

PEOPLE OF THE STATE OF SOUTH DAKOTA
IN THE INTEREST OF E.B., a minor child,
And concerning J.B., Respondent.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE HEIDI LINNGREN
Judge

* * * *

ILISJA DUFFY of
Duffy Law Firm
Rapid City, South Dakota                    Attorneys for appellant E.B.


MARTY J. JACKLEY
Attorney General

ERIN E. HANDKE
Assistant Attorney General              Attorneys for appellee State
Pierre, South Dakota                    of South Dakota.

* * * *

CONSIDERED ON BRIEFS
AUGUST 29, 2023
OPINION FILED **09/13/23**

PER CURIAM

[¶1.] We consolidated these two appeals involving unrelated juvenile adjudications and dispositions to address whether this Court has appellate jurisdiction when the juveniles failed to properly serve the notices of appeal on their respondent parents. Having concluded that we lack appellate jurisdiction, we dismiss S.A.'s and E.B.'s respective appeals.

## Factual and Procedural Background

### #29873, In re S.A.

[¶2.] On November 15, 2021, the State filed a three-count petition alleging that S.A. was a juvenile delinquent. S.A.'s mother, F.A., was listed as a respondent on the petition. S.A. was later adjudicated as a juvenile delinquent and committed to the custody of the Department of Corrections (DOC). In the circuit court's findings of fact, conclusions of law, and order of disposition, F.A. was named as a respondent. Both F.A. and S.A.'s father, A.F., were listed as respondents on the corresponding order of commitment and order for support.

[¶3.] S.A. filed a notice of appeal, challenging the circuit court's decision to commit him to the custody of the DOC. The notice of appeal was served on the Attorney General and the State's Attorney. However, the certificate of service did not indicate that S.A. served the notice of appeal on his parents. We therefore ordered simultaneous, supplemental briefing to address "whether the notice of appeal was properly served on counsel for each party of record, or, if a party is unrepresented by counsel, directly upon the party as required by SDCL 15-26A-4."

We also held S.A.'s appeal in abeyance because E.B.'s juvenile appeal, filed while S.A.'s appeal was pending, presented the same jurisdictional question.

**#30060, In re E.B.**

[¶4.]     On June 30, 2021, the State filed a petition alleging that E.B. was a juvenile delinquent.  E.B.'s mother, J.B., was listed as a respondent on the petition.  After a hearing, the circuit court adjudicated E.B. as a juvenile delinquent and thereafter entered findings of fact and conclusions of law and an order committing him to the DOC.  J.B. was again listed as a respondent on these filings.

[¶5.]     E.B. filed a notice of appeal and served it on the Attorney General and the State's Attorney.  But like S.A.'s certificate of service, E.B.'s certificate did not indicate that he had served his mother, J.B., with the notice of appeal.  We issued an order to show cause, directing E.B. to address why the appeal should not be dismissed for failure to properly serve the notice of appeal on all parties as required by SDCL 15-26A-4(3).  After considering the submissions, we entered an order directing E.B.'s appeal to proceed and directing the parties to address the jurisdictional issue in their appellate briefs.

## Analysis and Decision

[¶6.]     As we recently explained,

> The "[f]ailure to timely serve and file a notice of appeal is jurisdictionally fatal to the appeal." *In re Reese Trust*, 2009 S.D. 111, ¶ 5, 776 N.W.2d 832, 833.  Also, "[i]t is the rule in this state that jurisdiction must affirmatively appear from the record and this Court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not." *In re L.R.*, 2014 S.D. 95, ¶ 5, 857 N.W.2d 886, 887 (quoting *State v. Phipps*, 406 N.W.2d 146, 148 (S.D. 1987)).

*Wright v. Temple*, 2023 S.D. 34, ¶ 22, 993 N.W.2d 553, 559.  S.A. and E.B. do not dispute that their respondent parents were not served with the notices of appeal.  However, they both claim that this failure is not jurisdictionally defective.

[¶7.]　　　　For his part, S.A. contends that his parents are not parties to the action, even if listed as respondents, because "that designation alone does not classify S.A.'s Father, or S.A.'s Mother, as a 'party' in the juvenile proceeding."  E.B., in contrast, does not dispute that his parent, J.B., is a party to his juvenile proceeding.  Rather, relying on *Wagner v. Truesdell*, 1998 S.D. 9, 574 N.W.2d 627, he argues that under the circumstances there was substantial compliance with the intent and purpose of SDCL 15-26A-4 because it is designed "to protect the due process rights of all parties who have an interest in a legal proceeding so that they have notice and an opportunity to be heard on an appeal[,]" and here, "J.B. was fully apprised of the filing of the Notice of Appeal and Docketing Statement."

[¶8.]　　　　Although this Court in *Wagner* applied the doctrine of substantial compliance, the case concerned whether the plaintiff's service of process for commencing an action was defective for failure to personally serve the defendant as required by SDCL 15-6-4(d)(10) and not whether, as here, the appellant failed to comply with the statutory requirements for invoking this Court's appellate jurisdiction.  1998 S.D. 9, ¶ 11, 574 N.W.2d at 630.  As it pertains to invoking a court's jurisdiction, this Court has stated that "the doctrine of substantial compliance cannot be substituted for jurisdictional prerequisites." *AEG Processing Ctr. No. 58, Inc. v. S.D. Dep't of Revenue & Regul.*, 2013 S.D. 75, ¶¶ 22, 23, 838 N.W.2d 843, 850 (declining to apply substantial compliance when a party failed to

post bond as required by SDCL 10-59-9 before commencing appeal; such failure deprived the circuit court of subject matter jurisdiction); *Upell v. Dewey Cnty. Comm'n*, 2016 S.D. 42, ¶¶ 16–19, 880 N.W.2d 69, 75 (upholding the dismissal of the appeal to the circuit court for Upell's failure to make service "on one of the members of the board" of county commissioners as required by SDCL 7-8-29 because strict compliance is required to invoke the court's jurisdiction).

[¶9.]     E.B., however, also relies on *In re B.C.*, 2010 S.D. 59, 786 N.W.2d 350 and the statutes governing juvenile proceedings and "urges this Court to look at what kind of interest and rights J.B. has in this action[.]"  He asks us to consider that "[a] parent in a juvenile delinquency proceeding is a different kind of party" than in other cases.  In particular, E.B. notes that parents are not entitled to the same rights as the juvenile and argues that the inclusion of J.B. as a party in the caption of the case "is related to her minor child's petition for juvenile delinquency and to establish the adult responsible for him."[1]  He further asserts that although

---

1.     S.A. similarly argues that respondent parents are not "independent" parties with full due process rights but, rather, are "an extension of their minor child[.]"  He directs this Court to cases from other jurisdictions in support.  While a review of the cases cited by S.A. reveals that, at least in the jurisdictions cited, parents do not have the same due process rights in a juvenile delinquency proceeding as afforded to the juvenile, none of the cases pertain to the question at issue here—whether a respondent parent must be served with a notice of appeal in a juvenile proceeding to invoke an appellate court's jurisdiction.  *See, e.g.*, *In re J.P.L.*, 214 P.3d 1072, 1077 (Colo. Ct. App. 2009) (rejecting parents' argument that they were denied due process by not being allowed to participate as actual parties in the hearing for a new trial); *In re A.H.*, 549 N.W.2d 824, 827–28 (Iowa 1996) (concluding that father did not have a statutory or constitutional right to participate through counsel in the juvenile's dispositional proceeding); *State v. Kirk N.*, 591 S.E.2d 288, 295 (W. Va. 2003) (determining that parents in juvenile delinquency

(continued . . .)

parents have a statutory right to court appointed counsel, they often appear unrepresented and act as an advocate for their child. As it pertains to this case, E.B. contends that he and "J.B. have always presented as one and the same party."[2]

[¶10.]        E.B.'s reliance on *B.C.* is misplaced because it actually supports the view that there is no appellate jurisdiction. In *B.C.*, we held that Indian tribes which had intervened in four consolidated abuse and neglect cases implicating the Indian Child Welfare Act (ICWA) were entitled to service of a notice of appeal. *Id.* ¶ 11, 786 N.W.2d at 353. We concluded the tribes were parties, and because they had not been served with the notices of appeal filed by parents in the four cases, we applied SDCL 15-26A-4 and dismissed each of the appeals. *Id.* We did not hold that the tribes were different types of parties, as E.B. argues parents are in delinquency proceedings, but rather, we noted that the tribes "had compelling interests in the outcome of the pending appeals." *Id.* ¶ 10. Parents in delinquency proceedings are no different; they have a vested interest in the outcome of an appeal in a juvenile proceeding.

[¶11.]        Further, although E.B. claims that his and J.B.'s interests have been aligned throughout the juvenile delinquency proceedings and that J.B. was directly

_____

(. . . continued)
        adjudications do not "have *carte blanche* to participate as full and
        independent parties in the proceedings").

2.      Notably, a prior rule of civil appellate procedure (SDCL 15-26-3 (superseded))
        required service of the notice of appeal on "adverse" parties. But the current
        rule, SDCL 15-26A-4(3), requires service on "each party other than
        appellant," regardless of whether they are adverse. Therefore, E.B.'s claim
        that he and his mother could be regarded as the same party because their
        interests align has no bearing on the question before the Court in this appeal.

involved in the filing of his notice of appeal, such may not always be the case between a parent and child in juvenile delinquency proceedings. In fact, there may be cases in which the parent is the victim of the child's actions or cases in which the parent has been separately ordered to comply with conditions imposed by the court and is subject to contempt proceedings for failing to do so. *See* SDCL 26-7A-107, -107.1. Similarly, in cases in which a child is committed to the DOC, the dispositional order contains directives related solely to the parents; for example, that they pay child support so long as the child remains in DOC custody.[3]

[¶12.] Importantly, a review of this State's statutes governing juvenile delinquency proceedings makes clear that parents are parties and are entitled to service of the notice of appeal. For example, SDCL 26-7A-30 provides that "[t]he court shall advise the child and the child's parents, guardian, or custodian involved in any action or proceedings under this chapter or chapter 26-8A, 26-8B, or 26-8C of their constitutional and statutory rights, including the right to be represented by an attorney, at the first appearance of the parties before the court." Further, the parents "shall be included as named respondents in the petition," SDCL 26-7A-43, and their presence is required at any hearing, except for a temporary custody hearing, SDCL 26-7A-118. Applicable statutes also impose certain obligations on

---

3. S.A.'s and E.B.'s orders of commitment and support direct their parents to reimburse the DOC an identified amount each month; to be responsible for the medical, dental, optical, psychological, and prescription costs incurred on behalf of S.A. and E.B. and not covered by insurance; and to keep the DOC informed of their current addresses and the address of their current employers. Their parents were also ordered to maintain health insurance coverage on behalf of the children if it is available through employment or another group carrier.

parents, including the requirement to bring the child before the court, SDCL 26-7A-21, -45, -50, and to financially support the child "who is the subject of proceedings under this chapter [26-7A] or chapter 26-8A, 26-8B, or 26-8C," SDCL 26-7A-94. *See also* SDCL 26-7A-95, -98.

[¶13.]	In regard to appeals from juvenile delinquency proceedings, SDCL 26-7A-30 provides that the child's parents are to be advised "of the right of the parties to file, at the conclusion of the proceedings, a motion for a new hearing and, if the motion is denied, the right to appeal according to the rules of appellate procedure governing civil actions." Similarly, SDCL 26-7A-112, which provides that "[a]n intermediate appeal or an appeal may be taken from a judgment, decree, or order under the provisions of this chapter and chapters 26-8A, 26-8B, and 26-8C according to the rules of procedure governing civil appeals," specifically refers to the parents as "parties to the action." Also telling, SDCL 26-7A-112 contains the additional requirement that the appealing party "serve the written notice of appeal and docketing statement upon the state's attorney of the county where the judgment, decree, or order was entered and upon the attorney general" but provides that "[t]he failure to serve the attorney general does not constitute a jurisdictional bar to the appeal." *Id.* There is no similar statutory language excusing the failure to serve a parent—a party to the proceeding.

[¶14.]	S.A., however, contends that this Court could decline to dismiss the appeal for reasons he deems similar to those noted in *In re Estate of Flaws*, 2012 S.D. 3, 811 N.W.2d 749. In *Flaws*, the Court was presented with a jurisdictional challenge when the appellee moved to dismiss the appeal because Yvette, a

-7-

purported niece, did not serve the notice of appeal on another purported niece, Tamara, who was also a party to the litigation. *Id.* ¶ 9, 811 N.W.2d at 751. The same attorney represented Yvette and Tamara and "argue[d] that requiring service of the notice of appeal on Tamara would be 'nonsensical' under these circumstances because it would have required counsel to serve himself." *Id.* ¶ 12, 811 N.W.2d at 752. This Court agreed, adopting the view from other jurisdictions that "representation by the same attorney of an appealing and nonappealing party has the effect of service of the notice of appeal on the nonappealing party." *Id.* (quoting *Walker v. Shell*, 282 P. 947, 948 (Idaho 1929)). *See also Weeter Lumber Co. v. Fales*, 118 P. 289 (Idaho 1911). The Court thus declined to dismiss the appeal, although "Tamara would normally be regarded as a separate party in this case entitled to separate service of the notice of appeal." *Id.* ¶ 12, 811 N.W.2d at 751.

[¶15.]     S.A. acknowledges that the circumstances here are different than those at issue in *Flaws* because he and his parents were not represented by the same attorney in the juvenile proceedings. However, he notes that his father signed the affidavit of indigency for S.A. to be appointed counsel for the appeal, and based on this signature, his father "was personally apprised—and well aware—that S.A. was pursuing an appeal of the circuit court's dispositional order." He then argues that "[l]ike *Flaws*, it does not logically follow that counsel for S.A. would be required to serve S.A.'s parents when the record shows that respondent [f]ather signed a document requesting court appointed counsel to represent his minor child on this appeal."

[¶16.]     Aside from the fact that S.A.'s argument based on *Flaws* relates only to his father and not his mother who was a respondent parent but not served, the holding in *Flaws* is narrow. S.A. identifies no authority to support extending it beyond circumstances involving a nonappealing party and appealing party being represented by the same attorney. Moreover, it cannot be said that a nonappealing parent's *signing of an affidavit of indigency*—that is used to obtain a circuit court order appointing counsel for the juvenile on appeal—has the same effect of *service of the notice of appeal* on the respondent parent—a party not represented by the same attorney as the juvenile. As SDCL 15-26A-4(3) provides, the appellant must serve the notice of appeal "on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address."

[¶17.]     This Court has required strict compliance with the jurisdictional prerequisite that timely service of the notice of appeal be made on all parties in order to invoke this Court's appellate jurisdiction. Respondent parents are parties in juvenile delinquency proceedings; therefore, S.A. and E.B. were required to timely serve them. Because both S.A. and E.B. failed to show timely service of their notices of appeal on all parties, this Court lacks appellate jurisdiction, and we must dismiss both appeals.[4]

---

4     E.B. attached an affidavit from J.B. to his reply brief stating that she was "aware the Notice of Appeal documents were mailed to [her] Box Elder address *at some point* after the electronic filing of the appeal." (Emphasis added.) E.B. did not include this affidavit in his response to the Court's order to show cause. This Court has repeatedly stated that a party may not raise an issue for the first time in a reply brief, especially in light of the fact that "the other party does not have the opportunity to answer." *Mach v. Connors*, 2022 S.D. 48, ¶ 37, 979 N.W.2d 161, 173 (quoting *Ellingson v. Ammann*, 2013

(continued . . .)

#29873, #30060

[¶18.]      JENSEN, Chief Justice, and KERN, SALTER, DEVANEY, and MYREN, Justices, concur.

---

(. . . continued)
       S.D. 32, ¶ 10, 830 N.W.2d 99, 102).  Although improperly submitted, even if
       we were to consider J.B.'s affidavit, it does not allege that she was *timely*
       served with E.B.'s notice of appeal.