#30496-dismiss-PJD
**2024 S.D. 80**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| KRISTA DITTUS, | Plaintiff and Appellant, |
| v. | |
| BLACK HILLS CARE AND REHABILITATION CENTER, LLC, | Defendant, |
| and | |
| RC NORTH SD SKILLED NURSING FACILITY, LLC d/b/a AVANTARA NORTH, | Defendant and Appellee. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JEFFREY R. CONNOLLY
Judge

\* \* \* \*

| | |
|---|---|
| JAY C. SHULTZ of The Shultz Law Firm, Prof. LLC Rapid City, South Dakota | Attorneys for plaintiff and appellant. |
| MICHAEL M. HICKEY JOHN HARALDSON of Bangs, McCullen, Butler, Foye & Simmons, L.L.P. Rapid City, South Dakota | Attorneys for defendant and appellee. |

\* \* \* \*

CONSIDERED ON BRIEFS
NOVEMBER 5, 2024
OPINION FILED **12/18/24**

#30496

DEVANEY, Justice

[¶1.]     In a lawsuit claiming a wrongful termination, Krista Dittus appeals from an order striking her response to a motion for summary judgment, and from an order granting summary judgment in favor of RC North SD Skilled Nursing Facility, LLC d/b/a Avantara North (Avantara). We dismiss the appeal for lack of appellate jurisdiction.

## Factual and Procedural Background

[¶2.]     Dittus sued her former employer, Black Hills Care and Rehabilitation Center, LLC (Black Hills Care), a skilled nursing facility in Rapid City, South Dakota, as well as the company that purchased and took over operations of the facility, Avantara. Her complaint alleged she was wrongfully terminated in retaliation for filing and pursuing a workers' compensation claim. Avantara answered the complaint, denying the allegations and asserting that it had no employment relationship with Dittus when she was terminated. Black Hills Care did not answer or make any appearance in the case.[1]

[¶3.]     Avantara filed a motion for summary judgment. After Dittus filed an untimely response to the motion, Avantara moved to strike her response. At a hearing, the circuit court struck Dittus's response and granted summary judgment in favor of Avantara after determining there were no genuine issues of material fact and Avantara was entitled to judgment as a matter of law. The court entered

---

1.     Prior to the transfer of the facility to Avantara, Black Hills Care had been placed into a court-ordered receivership due to financial difficulties, and its status as a limited liability company was administratively dissolved by the South Dakota Secretary of State for failure to file its annual report(s) when due. *See* SDCL 47-34A-809 and -810.

-1-

written orders and Avantara's counsel served notice of entry of the orders upon Dittus's counsel via Odyssey, the court's electronic filing and serving system,[2] on September 15, 2023. Dittus's deadline for perfecting an appeal to this Court was 11:59 p.m. on Monday, October 16, 2023. *See* SDCL 15-26A-6, 15-6-6(a); *see also* SDCL 16-21A-4(1).

[¶4.]	On October 13, 2023, Dittus's counsel timely filed a notice of appeal through the Odyssey system. Minutes later he filed a civil case docketing statement via Odyssey. Both documents included a certificate of service signed by Dittus's counsel indicating that the documents had been served upon Avantara's counsel via "Odyssey File & Serve." However, this did not actually occur. Although the docketing statement was served on, and received by, Avantara's counsel, the notice of appeal was not.

[¶5.]	Thereafter, Avantara filed a motion to dismiss the appeal for lack of appellate jurisdiction based on Dittus's failure to serve the notice of appeal as required by SDCL 15-26A-4. In support of the motion, Avantara included in its attached documents an email from a Unified Judicial System (UJS) employee who confirmed the notice of appeal had only been "EFiled" but not served through the Odyssey system.

[¶6.]	In Dittus's response to the motion, her counsel stated that he submitted the notice of appeal for filing through Odyssey at 5:41 p.m. CST on October 13, and the docketing statement at 5:48 p.m. CST. He acknowledged that

---

2.	Filing and service of circuit court documents through the Odyssey system is addressed in SDCL 15-6-5(b), 15-6-5(e), and SDCL chapter 16-21A.

he learned approximately two weeks later that the notice of appeal was not served upon Avantara. He stated that "[c]learly, this was an inadvertent error[,]" and he had "no explanation for how the notice of appeal was submitted for 'EFile' while the docketing statement was submitted for 'FileAndServe.'" He attached copies of the confirmation emails that were automatically generated by the Odyssey system and sent to him immediately upon his submission of the documents for filing on October 13. The email for the notice of appeal shows the filing type was "EFile," whereas the email for the docketing statement indicates "EFileAndServe" as the filing type.

[¶7.] This Court took the motion to dismiss under consideration and directed the parties to address the issue in their briefs on the merits of the appeal.

### Analysis and Decision

[¶8.] At the outset, we must determine whether this Court has jurisdiction to consider this appeal. Our appellate "jurisdiction must affirmatively appear from the record and this Court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not." *In re S.A.*, 2023 S.D. 47, ¶ 6, 996 N.W.2d 66, 67 (quoting *Wright v. Temple*, 2023 S.D. 34, ¶ 22, 993 N.W.2d 553, 559).

[¶9.] Under SDCL 15-26A-4, a party seeking to appeal must timely file the notice of appeal and the docketing statement with the clerk of the circuit court, and "shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address." The statute further states that "[f]ailure of an appellant to take any step other than timely service and filing of a notice of

appeal does not affect the validity of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." *Id.*

[¶10.] We have interpreted this statute as requiring timely *filing* and *service* of the notice of appeal. *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 2012 S.D. 20, ¶¶ 7, 11, 813 N.W.2d 122, 125, 127. Failure to do both is jurisdictionally fatal to the appeal. *See id.* (citing our prior decisions). Moreover, this Court may not suspend or waive jurisdictional prerequisites to an appeal. *Id.* ¶ 10; *In re Guardianship of Murphy*, 2013 S.D. 14, ¶ 9, 827 N.W.2d 369, 371–72. "Because 'the right to an appeal is purely statutory and no appeal may be taken absent statutory authorization[,]' compliance with the required notice of appeal is mandatory." *LaCroix v. Fluke*, 2022 S.D. 29, ¶ 16, 975 N.W.2d 150, 158 (alteration in original) (citation omitted). We recognize that "[w]hen an attorney files a certificate of service, under SDCL 15-6-5(b), a presumption arises as to the sufficiency of the service." *State v. Waters*, 472 N.W.2d 524, 525 (S.D. 1991). However, "[i]t is the fact of service, not proof thereof, that gives the [C]ourt jurisdiction." *In re L.R.*, 2014 S.D. 95, ¶ 4 n.1, 857 N.W.2d 886, 887 n.1 (first alteration in original) (quoting *Johnson v. Kusel*, 298 N.W.2d 91, 93 (S.D. 1980)).

[¶11.] Dittus does not dispute that the notice of appeal was not served on Avantara's counsel. In both her response to the motion to dismiss the appeal and her initial appellate brief, Dittus states, without further explanation, that the

omission "was an inadvertent error."[3]  Moreover, the fact the notice of appeal was only electronically filed, but not *served*, was readily apparent in the Odyssey confirmation email sent to Dittus's counsel on October 13.  Under SDCL 16-21A-7(2), "[e]lectronic service is not effective if the party making service learns that the attempted service did not reach the person to be served."  Because service of the notice of appeal is jurisdictional, we lack appellate jurisdiction.  Therefore, we dismiss this appeal.

[¶12.]     JENSEN, Chief Justice, and KERN, SALTER, and MYREN, Justices, concur.

---

3.    In her reply brief, Dittus suggests, for the first time, that this Court may grant relief if electronic filing or service through the Odyssey system is incomplete or fails.  She cites SDCL 15-26C-6, which authorizes the court to grant relief, on a showing of good cause, "if electronic filing or electronic service was not completed due to technical problems."  Although this statute pertains to filing and service of documents in this Court, an identical statute is found in the circuit court's electronic filing rules.  *See* SDCL 16-21A-9.  However, we need not determine whether or how either of these statutes could apply to the issue here because Dittus's counsel has not demonstrated that the failure to serve Avantara was due to technical problems beyond his control.