[No. A025161. First Dist., Div. Five. Mar. 6, 1985.]

In re C. P., a Person Coming Under the Juvenile Court Law.
SAN MATEO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
JOE P., Defendant and Appellant.

**COUNSEL**

David Nickerson, under appointment by the Court of Appeal, for Defendant and Appellant.

James P. Fox, District Attorney, and Carolee Houser, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

**KING, J.**—In this case, because due process requires that parents be afforded notice and an opportunity to be heard at a jurisdictional hearing in juvenile court dependency proceedings, we hold it is reversible error to fail to continue the hearing where counsel for an out-of-state parent was appointed by the court two days prior to the hearing and, despite reasonable efforts, had been unable to make contact with his client, since this prevented counsel from acquainting himself with the case and conferring with his client in order to prepare for the hearing. It is reversible error even in the absence of a request by counsel for a continuance, where counsel was clearly without authority to act on his client's behalf at the jurisdictional hearing.

Joe P. appeals from an order declaring his child C. P. a dependent child of the court (Welf. & Inst. Code, § 300) and from a subsequent disposition order. We reverse the jurisdictional order and remand the cause for a new jurisdictional hearing.

A petition filed under Welfare and Institutions Code section 300 alleged that on September 1, 1983, C.'s mother, Marcia D., was found lying on a sidewalk bleeding from a self-inflicted wound extending from her right wrist to her elbow. Marcia had left C., aged two, unattended during the suicide attempt. She had also exposed C. to a previous suicide attempt. Marcia required psychiatric hospitalization. The petition alleged that C.'s father, Joe, had failed to maintain a relationship with her or provide for her basic needs.

A subsequent recommendation for an order of detention indicated Marcia had lived with Joe for two years, that they had separated when C. was six months old, and that Joe had last seen C. in August 1982. The recommendation also stated the social services department had attempted unsuccessfully to contact Joe by telephone at his place of employment in New Mexico, and that Joe had been notified by telegram of the pending hearing on the department's recommendation for detention.

Joe did not appear at the detention hearing held September 6, 1983. The court detained C. and set a jurisdictional hearing for September 28, 1983. Notice of the hearing was mailed to Joe at a post office box in Mentmore, New Mexico.

Joe also did not appear at the jurisdictional hearing. Appointed counsel for Joe did appear, but stated, "I was assigned the case the day before yesterday. The father is not here. He presently resides in New Mexico. I have been unable to contact him by phone, and since I just received the social studies report this afternoon right before court, I have not discussed that with him at all. [¶] I have no authority to act or not act on his behalf." However, when the court asked counsel what he wished to do, counsel said the court had authority to sustain the petition as uncontested, and asked that "the matter be continued for disposition. My understanding is his request for representation was based on the request that his desire might be to place or the possibility for placement of the minor." A social services department report prepared for the jurisdictional hearing indicated Joe wished to provide a home for C.

Marcia agreed to submission of the matter based on the social services department report, which recommended that the section 300 petition be sustained. The court granted the petition as to both parents on the basis that it was uncontested, declaring C. a dependent child of the court, and set the matter for a disposition hearing on October 14, 1983.

Joe did not appear at the disposition hearing, but his counsel stated in open court that since the jurisdictional hearing "I have had contact with Mr.

[P.] He lives in New Mexico. He was unable to be here because of work. He has remarried. He lives in a home with his wife and their young infant and is able to provide a home for the child and has, by—through me and also directly to the Children's Services in this county, expressed a desire that his home be considered a placement for [C.] and wants to pursue that.'' A social services department report prepared for the disposition hearing indicated that Joe had married in May 1983, lived with his wife and one-month-old baby in a mobilehome in Gallup, New Mexico and had worked as an inspector at a weigh station since May 1982. Joe's attorney asked the court to order the social services department to investigate Joe's home through New Mexico authorities for possible placement, and also asked the court to set aside the jurisdictional order because Joe had not had an op-portunity to present a defense to the petition.

The court denied the request to set aside the jurisdictional order. Pursuant to the social services department's recommendation, the court placed C. in a foster home, ordered Marcia to participate in a counseling program and continued the matter to January 13, 1984, for a 90-day review. However, the court ordered the social services department to investigate Joe's home for future placement. The court said that at the next hearing Joe's home would be considered for placement if C. could not be returned to Marcia, but that if Marcia continued to make "progress" the child would be returned to her.

■ Joe contends he was denied due process at the jurisdictional hearing through denial of the opportunity to be heard. He relies on *In re Kelvin M.* (1978) 77 Cal.App.3d 396, 402 [143 Cal.Rptr. 561], which held that due process requires a parent be afforded both notice and an opportunity to be heard at a jurisdictional hearing under Welfare and Institutions Code section 300. The parent in *Kelvin* had been denied the opportunity to present rele-vant evidence. (*Ibid.*) The district attorney argues *Kelvin* is distinguishable because Joe's attorney made no request for a continuance of the jurisdic-tional hearing and raised no objection to the court's jurisdiction.

The district attorney's argument is misplaced. While it is true that counsel did not request a continuance of the jurisdictional hearing, counsel also made clear that he had no authority to take any action on Joe's behalf. Further, the court was required to continue the jurisdictional hearing even absent a request for a continuance. Under Welfare and Institutions Code section 353, "The court shall continue the hearing for not to exceed seven days, as necessary to make an appointment of counsel, *or to enable counsel to acquaint himself with the case,* or to determine whether the parent or guardian or adult relative is unable to afford counsel at his own expense, and shall continue the hearing as necessary to provide *reasonable opportu-*

*nity for the minor and the parent or guardian or adult relative to prepare for the hearing.*" (Italics added; see also Cal. Rules of Court, rule 1362, (c) & (d).) No request for a continuance is required. (Compare Welf. & Inst. Code, § 352, subd. (a) [court may continue any hearing in dependent child proceedings upon request of counsel].)

While the trial court has discretion to determine whether a continuance is *necessary* under section 353 (*In re Edward C.* (1981) 126 Cal.App.3d 193, 207 [178 Cal.Rptr. 694]), such discretion was abused in the present case. It was clearly necessary to grant a continuance (of up to seven days) to enable Joe's counsel to acquaint himself with the case, and to continue the hearing (as necessary) to provide Joe a reasonable opportunity to prepare for the hearing, since counsel had been assigned the case only two days prior to the jurisdictional hearing and had not even been able to contact Joe. It may be true that Joe's counsel himself suggested the court proceed to the disposition hearing, but this cannot be construed as a waiver of a continuance, since counsel stated he had no authority to act on Joe's behalf. Joe was denied his day in court on the jurisdictional issue.[1]

We therefore reverse the jurisdictional order and remand the cause for a new jurisdictional hearing. This will not have a detrimental effect on C. Joe does not now challenge the present placement of C. (in a foster home), and did not do so below. At the new jurisdictional hearing the court will have the benefit of the social services department's study of Joe's home, so that the court will be able to rule without delay.

The jurisdictional order is reversed and the cause is remanded for a new jurisdictional hearing.

Low, P. J., and Haning, J., concurred.

---

[1] The error was not harmless. The court itself refused to rule out Joe's home as being appropriate for placement, ordering an investigation of the home and indicating that it would be considered for placement at the 90-day review hearing if C. could not then be returned to Marcia. Thus it cannot be said that C. would have been declared a dependent child of the court even if Joe had been afforded the opportunity to be heard.