Filed 11/14/23  In re N.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re N.B., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E080922 |
| Plaintiff and Respondent, | (Super.Ct.No. J296081) |
| v. | OPINION |
| M.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Marisa L. D. Conroy, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Tom Bunton, County Counsel, Jessica L. Morgan and Glenn C. Moret, Deputy County Counsel, for Plaintiff and Respondent.

Defendant and appellant M.B. (Mother), appeals the juvenile court's order sustaining the petition brought under Welfare and Institutions Code section 300[1] by plaintiff and appellant San Bernardino County Children and Family Services (CFS). Mother asserts her procedural due process rights were violated after the juvenile court held a hearing to determine custody of N.B. (a boy, born March 2013; Minor) without her being present. As explained *post*, we affirm the juvenile court's order because Mother has not demonstrated how the hearing amounted to a constitutionally inadequate opportunity to be heard.

### FACTUAL AND PROCEDURAL HISTORY

On February 17, 2023, after detaining Minor, CFS filed a juvenile dependency petition and related detention report. The petition alleged Mother had caused Minor serious physical harm pursuant to section 300, subdivisions (a) (serious physical harm), and (b)(1) (failure to protect). For support, the petition alleged Mother had an "impair[ed] . . . ability to adequately parent [Minor]." The petition further alleged that, as a result of Mother's neglectful care, Minor suffered an episode of diabetic ketoacidosis. As to Minor's diabetic ketoacidosis, the detention report indicated: Minor was admitted to the intensive care unit (ICU) with excessively high blood glucose levels; Mother exhibited a failure to understand how to care for Minor's diabetes at the time of Minor's

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

admission; and Mother withdrew Minor from the ICU against doctors' advice that he was at "immediate risk for having . . . a serious complication of diabetes."

On February 21, a detention hearing was held, at which time Mother's appointed attorney appeared on her behalf. Mother was not present, she was in custody and had not been transported.[2] Counsel entered "general denials," and stated she had not yet had an opportunity to speak with Mother. The trial court thereafter entered an order placing Minor in the temporary custody of CFS, scheduled a jurisdiction/disposition hearing for March 14, ordered transport for Mother for the hearing, and informed the parties that if they failed to appear, the hearing would proceed without them. CFS thereafter telephonically contacted mother, who "verified" her address and telephone number. On February 28, notice of the March 14 hearing was sent via certified mail to Mother's verified address.[3]

On March 14, Mother failed to appear for the hearing. Counsel indicated "I have no contact with my client." The juvenile court asked counsel if he wished to be heard for argument concerning disposition of Minor's custody. In response, counsel stated his arguments were limited to his "objection without affirmative evidence." Thereafter, the juvenile court entered an order declaring Minor a "dependent child of the court," and placing Minor "in the care and custody and control of [CFS]." Mother timely appealed.

---

[2] Mother was arrested on February 15, 2023, for child abuse. She was released on February 23, 2023.

[3] In this appeal, Mother does not challenge the sufficiency of these notices. (Cf. *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 290, fn. 2 (*Foxen*) [appellate review limited to issues adequately raised and supported in opening brief].)

3

# DISCUSSION

On appeal, Mother contends that the juvenile court violated her due process rights under the U.S. Constitution when it held the March 14 hearing without granting a continuance under section 353. Specifically, Mother asserts that she was unable to be meaningfully heard without the continuance because she was not present at the March 14 hearing to argue on her own behalf; and because her counsel was unable to effectively represent her, as the record indicated he had not previously "met with [M]other," and did not have "the authority to act or not act" on her behalf. As a result, Mother argues the juvenile court erred by not continuing the matter "to enable [M]other's counsel to acquaint himself with the case, and . . . to provide [M]other a reasonable opportunity to prepare for the hearing." In response, CFS asserts that the March 14 hearing was constitutionally sound. CFS argues that Mother's counsel did not expressly request a continuance and that regardless, a continuance was unnecessary. CFS also notes Mother's counsel timely received all relevant reports and Mother's contact information, which Mother does not dispute.

Generally, the "fundamental requirement of due process is [an] opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (*Matthews v. Eldridge* (1976) 424 U.S. 319, 333.) Failure to avail oneself of an opportunity to be heard does not amount to a constitutional infirmity. (*D.H. Overmeyer Co. v. Frick Co.* (1972) 405 U.S. 174, 185.) In the context of juvenile dependency proceedings, "due process focuses on the right to notice and the right to be heard. 'A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses.' " (*In re Matthew P.*

4

(1999) 71 Cal.App.4th 841, 851.)  The decision to grant a continuance is discretionary. (See *In re C.P.* (1985) 165 Cal.App.3d 270, 274 (*C.P.*); see also *People v. Beames* (2007) 40 Cal.4th 907, 920-21 (*Beames*).)  "[N]ot every denial of a request for more time can be said to violate due process." (*Beames*, at p. 921.)  Instead, due process is only violated where a denial of a continuance "exceeds the bounds of reason, all circumstances being considered." (*Id.* at p. 920.)  " '[T]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' . . . 'The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*Id.* at p. 921.)

Under section 352, continuances are only granted "upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance." (§ 352, subd. (a)(2).)  Under section 353, a juvenile dependency hearing shall be continued where, at the discretion of the juvenile court, further time is necessary "to make an appointment of counsel, . . . to enable counsel to acquaint himself or herself with the case, or to determine whether the parent . . . is unable to afford counsel at his or her own expense, and shall continue the hearing as necessary to provide reasonable opportunity for the minor and the parent . . . to prepare for the hearing." (§ 353; see *In re Edward C.* (1981) 126 Cal.App.3d 193, 207.)

5

We begin our analysis by noting the essence of Mother's argument is that federal due process protections required the juvenile court to grant a continuance under section 353 to ensure that her counsel was well-prepared and that she was present and afforded a meaningful opportunity to be heard at the March 14 hearing. (Cf. *Foxen*, *supra*, 6 Cal.App.5th at p. 290, fn. 2.) After careful review, we discern no abuse of discretion by the juvenile court, because the facts before it did not clearly demonstrate a continuance was necessary under section 353, or that Mother was otherwise deprived of a meaningful opportunity to argue in her favor. (See *Beames*, *supra*, 40 Cal.4th at pp. 920-921 [burden is on party challenging continuance decision to establish abuse of discretion]; see also § 353.)

As to Mother's counsel—whose asserted unpreparedness forms the linchpin of her arguments on appeal—the record is devoid of essential facts that might indicate the juvenile court's decision to proceed with the March 14 hearing was unreasonable. (See *Beames*, *supra*, 40 Cal.4th at pp 920-921 [abuse of discretion must exceed bounds of reason].) Indeed, the record demonstrates that Mother's attorneys seemingly did have an opportunity to meet with her in preparation for the hearing, because they were provided all relevant reports and Mother's contact information from CFS, and had been representing her for at least three weeks prior to the March 14 hearing. Further, unlike *C.P.*, counsel here offered no facts elucidating the extent of their unpreparedness, nor the reason for Mother's absence or failure to communicate, such as: whether counsel was recently appointed, whether counsel was apprised of the proceeding's material facts, whether counsel lacked authority to act on Mother's behalf at the time of the March 14

hearing, and the effect Mother's incarceration had on the ability to contact her. (Compare *C.P.*, *supra*, 165 Cal.App.3d at pp. 273-274 [concluding improper denial of continuance where counsel made "clear" he was recently appointed, unacquainted with case, and lacked authority to act for parent] with *Edward C.*, *supra*, 126 Cal.App.3d at p. 207, and *In re Giovanni F.* (2010) 184 Cal.App.4th 594, 604-605 [no abuse of discretion where parent represented by counsel made dilatory request for continuance].)

Finally, to the extent Mother asserts due process required her personal presence at the March 14 hearing, it is well established that her absence alone did not render inadequate her opportunity to be heard. (*In re Jesusa V.* (2004) 32 Cal.4th 588, 602 [absence of parent from dependency proceedings is not per se violative of due process protections].) Indeed, uncontested aspects of the record (i.e., Mother's prehearing appointment of counsel, release from custody, and actual notice via certified mail) indicate she could have contested the petition but failed to do so, by being inexplicably absent from the March 14 hearing and not timely communicating with counsel or the juvenile court of her need for additional time. (*In re Giovanni F.*, *supra*, 184 Cal.App.4th at pp. 604-605 [no abuse of discretion where parent failed to offer good cause for absence from hearing and dilatory continuance request]; cf. *D.H. Overmeyer Co. v. Frick Co.*, *supra*, 405 U.S. 185.) Therefore, the juvenile court's decision to proceed with the March 14 hearing did not amount to a violation of Mother's due process protections.

**DISPOSITION**

The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.